<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                 UNITED STATES COURT OF APPEALS
                     FOR THE FIRST CIRCUIT
                      ____________________

No. 97-1882

                  ALLSTATE INSURANCE COMPANY,

                     Plaintiff - Appellee,

                               v.

                 OCCIDENTAL INTERNATIONAL, INC.
                        AND OMAR CHAVEZ,

                    Defendants - Appellants.

                      ____________________

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

      [Hon. Jaime Pieras, Jr., Senior U.S. District Judge]

                      ____________________

                             Before

                     Boudin, Circuit Judge,

                 Coffin, Senior Circuit Judge,

and Shadur, Senior District Judge.

                     _____________________

   Eugene F. Hestres, with whom Bird Bird & Hestres was on brief
for appellants.
   Ronald L. Kammer, Eric G. Belsky, Hinshaw & Culbertson,
Francisco E. Coln-Ramrez and Law Offices of Francisco Coln-Pagnwere on brief for appellee.

                      ____________________

                        March 25, 1998
                      ____________________
         SHADUR, Senior District Judge.  Occidental International,
Inc. ("Occidental") and Omar Chavez ("Chavez") appeal the order of
the United States District Court for the District of Puerto Rico
granting a Fed. R. Civ. P. ("Rule") 56 summary judgment motion
filed by  Allstate Insurance Company ("Allstate").  Allstate had
brought its diversity-of-citizenship action for a declaration
pursuant to the Declaratory Judgment Act (28 U.S.C.  2201) that an
insurance policy it had issued to Occidental imposed no obligation
to defend or to indemnify Occidental and Chavez with respect to any
damages, attorneys' fees or costs incurred in defending a lawsuit
brought by a former Occidental employee.  We affirm.  
Facts
    We briefly summarize the uncontroverted essential facts.
Other relevant facts that fit better into the substantive legal
discussion will be set out later in this opinion.  
    On September 26, 1991 Allstate issued a commercial
general liability insurance policy ("Policy") to Occidental.  
Coverage under the Policy was predicated on Occidental's adherence
to several conditions.  Of particular importance here, coverage was
conditional on Occidental's providing Allstate with "prompt notice"
of any claim made against any insured party (R. 70).
    In November 1992 Sandra Rodrguez Hernndez
("Rodrguez"), the former office manager of Occidental's Puerto
Rico office, filed a lawsuit against Occidental, Chavez and others
seeking damages for wrongful termination and sexual harassment.  On
September 1, 1995 a jury awarded Rodrguez $200,000, and shortly
thereafter she filed a post-trial motion to recover attorneys' fees
and costs in excess of $420,000.
    Meanwhile Occidental had said nothing at all to Allstate
during the nearly three-year life of the Rodrguez lawsuit.  
Instead it waited until nearly two months after it had been tagged
with the adverse judgment--October 25, 1995--to notify Allstate.  
In light of that belated notification, which Allstate contends
violated the Policy's notice provision, Allstate sought the
declaration referred to at the outset of this opinion.  After the
parties then filed cross-motions for summary judgment, the district
court granted Allstate's motion and correspondingly denied the
Occidental-Chavez motion.  This appeal followed.
                       Standard of Review
    We review the district court's grant of summary judgment
de novo (Vartanian v. Monsanto Co., 131 F.3d 264, 266 (1st Cir.
1997)).  Familiar Rule 56 principles impose on a party seeking
summary judgment the burden of establishing the lack of a genuine
issue of material fact (Celotex Corp. v. Catrett, 477 U.S. 317,
P.R., Inc 322-23 (1986)).  As we stated in Woods-Leber v. Hyatt
Hotels of P.R., Inc., 124 F.3d 47, 49 (1st Cir. 1997)(internal
citations and quotation marks omitted):
    The genuineness requirement signifies that a
    factual controversy must be sufficiently open-
    ended to permit a rational factfinder to
    resolve the issue in favor of either side.  
    The materiality requirement signifies that the
    factual controversy must pertain to an issue
    which might affect the outcome of the suit
    under the governing law.

    For Rule 56 purposes we read the record in the light most
favorable to the non-moving party, drawing all reasonable
inferences in that party's favor (Reich v. John Alden Life Ins.Co., 126 F.3d 1, 6 (1st Cir. 1997)).  In that regard "[a]n
inference is reasonable only if it can be drawn from the evidence
without resort to speculation" (Mulero-Rodrguez v. Ponte, Inc., 98
F.3d 670, 672 (1st Cir. 1996), quoting Frieze v. Boatmen's Bank,
950 F.2d 538, 541 (8th Cir. 1991)).
    Where as here cross-motions for summary judgment are
involved, "the court must consider each motion separately, drawing
inferences against each movant in turn" (Reich, 126 F.3d at 6).  
Adopting such a dual perspective--one that can best be described as
Janus-like--sometimes forces the denial of both motions.  That
potential for a dual denial does not arise here, however, because
the underlying facts are not in dispute.  Instead the parties are
at odds about whether as a matter of law the district court erred
in holding that:
         1.  Florida's substantive law, rather than Puerto Rico's,
    governed this controversy.
         2.  Occidental's failure to notify Allstate of the
    Rodrguez claim until after an adverse judgment had been
    rendered leads to a ruling of prejudice as a matter of law,
    thus relieving Allstate of its duties to defend or to
    indemnify under the Policy.
Choice of Law
    Before we turn to the merits of the parties' respective
positions, we must first identify the applicable substantive law,
a subject on which the Policy is silent.  Allstate argues that
Florida law controls, while Occidental and Chavez plump for the
application of Puerto Rican law.  That issue has particular
importance here:  Florida law presumes that an insurer is
prejudiced by an insured's failure to give prompt notice of a
claim, with the burden placed on the insured to rebut that
presumption, while under Puerto Rican law an insurer must prove
actual prejudice to prevail in a late-notice case.
    For cases sounding in diversity, the Erie v. Tompkins mandate
to look to state law for the substantive rules of decision includes
the application of the forum's choice of law doctrines (Klaxon Co.v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).  New PonceShopping Ctr., S.E. v. Integrand Assurance Co., 86 F.3d 265, 267
(1st Cir. 1996) (internal citations omitted), recently clarified
our task in the absence of a choice of law contractual provision
Hyatt Hotels of P.R.:

    A federal court sitting in a diversity case must apply
    the choice of law rules of the forum state.  Puerto Rico,
    the forum territory in this case, has approved the
    "dominant or significant contacts" test for contract and
    tort actions.  Under that test, the laws of the
    jurisdiction with the most significant contacts to the
    disputed issues will apply.

In making that assessment we are guided by the Restatement (Second)
of Conflict of Laws (1971) ("Restatement") (A.M. Capen's Co. v.
American Trading & Prod. Corp., 74 F.3d 317, 320 (1st Cir. 1996)).
    Restatement  188 identifies, for contract actions such as
this one, five significant contacts to be evaluated in accordance
with their relative importance to the issues presented by the
lawsuit:
         (a)  the place of contracting,
         (b)  the place of negotiation of the contract,
         (c)  the place of performance,
         (d)  the location of the subject matter of the contract,  
              and
         (e)  the domicil, residence, nationality, place of          
                                                                incorporation and place of business of the parties.

In those terms the Policy's Florida contacts have overwhelming
significance:
         (a)  Occidental entered into the Policy in Florida,
    though Allstate's agents signed the document in Illinois (R.
    73).      
                   (b)  Florida was the place where the Policy was applied
              for, negotiated and issued (id. 288-90).
                   (c)  All demands for coverage were sent to Allstate's
              Florida office (id. 206-20).  Occidental paid the premium in
              Florida (id. 28).  
                   (d)  According to the policy application itself, which
              required Occidental to list all locations for which it desired
              insurance coverage, the insured premises are located at "5001
              SW 74 Ct. #203 Miami F[lorida] 33155" (id. 27).  Although the
              application had a specifically designated set of boxes for the
              listing of other premises, no other locations were listed
              there.  Indeed, Allstate underwriter Germaine Smith testified
              that the policy was underwritten and issued based upon the
              belief that the Miami address was Occidental's principal and
              sole place of business (id. 288-91).  She stated without
              contradiction that Allstate was unaware "that Occidental
              maintained any office in Puerto Rico or that it sold
              transformers to the Puerto Rico Electric Power Authority" (id.292).  Thus it is clear that the principal location of the
              intended insured risks was in Florida, although the general
              language of the Policy's coverage provision was broad enough
              to encompass the Puerto-Rico-based conduct for which Rodrguez
              sued.
                   (e)  As to the final factor, Allstate is an Illinois
              corporation with its principal place of business in Illinois.  
              Occidental is a Florida corporation with its principal place
              of business in Miami.  Occidental's president, chief executive
              officer and primary shareholder Chavez is a citizen and
              resident of Florida who occasionally travels to Puerto Rico
              for business.  Only Rodrguez is a citizen and resident of
              Puerto Rico.
              All of that presents a sharp contrast to the Policy's minimal
         relevant contacts with Puerto Rico.  It must be remembered that
         this is a contract-based action, yet Puerto Rico had no contacts at
         all either with the Policy or with the parties who signed it.  
         Instead Occidental must rely on the fortuity that the sexual
         harassment and employment termination took place in Puerto Rico and
         that the broad sweep of the insuring clause did extend coverage to
         those incidents.  Under that approach the same provisions in an
         insurance contract could receive almost infinitely varied
         constructions from time to time, based on the happenstance location
         of insured events--for example, an automobile collision in a
         jurisdiction where neither the insurer nor the insured had any
         meaningful contacts at all.  In that sense the distinction
         articulated by In re San Juan Dupont Plaza Hotel Fire Litig., 45
         F.3d 569, 576 (1st Cir. 1995) (citations and footnote omitted)
         between an insurance policy itself and the specific occurrence that
         may trigger potential coverage liability applies here with equal
         force:
              Because the district court here was sitting in diversity,
              it was required to follow Puerto Rico's choice-of-law
              rules.  Puerto Rico applies a "dominant contacts" test in
              contract actions.  Under that test, the law that applies
              is the law of the jurisdiction with the most significant
              contacts to the disputed issue, with due consideration
              given to the policies at stake.  Although the factors do
              not all point one way, we agree with the district court
              that California has the most significant contacts with
              the issue of pre-judgment interest.
          
              In substance, pre-judgment interest is sought here in
              connection with the interpretation and enforcement of a
              contract--specifically two insurance policies--
              indisputably governed by California law.  The policies
              were applied for, negotiated, issued and paid for in
              California; and the William Lyon Company and Lyon himself
              were based there.  Puerto Rico, by contrast, has the main
              connection with the fire but no contacts with the
              policies except for the fortuity that insurance coverage
              was litigated in the same case as liability for the fire.
          
              That language might well have been written for this case, with
         the now-disputed issue of notice to the insurer substituted for the
         disputed issue of pre-judgment interest referred to in the
         quotation.  We agree with the district court's conclusion that
         Florida substantive law provides the rules of decision.
                     Failure To Provide Timely Notice
              Occidental-Chavez next argue that the district court
         improperly held that Occidental breached the Policy's notice
         provision and that such breach prejudiced Allstate as a matter of
         law.  As is proper in contract cases, we start with the Policy's
         language.  Condition 11 of the "General Conditions" section,
    entitled "What To Do If You      Have a Loss," provides:
              If someone is injured or makes a liability claim against
              any person insured, that person must:
          
                   a.  Promptly notify us or one of our agents of what
              happened.  You must also furnish us the necessary
              information regarding the time and place of the event and
              the names and addresses of any witnesses and injured
              people.
          
                           *        *        *
          
                   c.  Send us copies of all legal documents if any
              persons insured are sued, or someone files a claim
              against any persons injured.
          
              Yet it is undisputed that Occidental first provided Allstate
         with the contractually required notice of the Rodrguez claim
         almost two months after the rendition of the adverse jury verdict
         and nearly three years after Rodriguez first filed her lawsuit.  
         There is simply no way in which that extraordinary tardiness can
         fit the contractual requirement that Occidental must "promptly
         notify" Allstate when it receives a "liability claim"--as it did in
         November 1992--and must also transmit the suit papers to Allstate.  
         In light of that lengthy delay, it is clear that Occidental's post-
         verdict notice constitutes a breach of the Policy's notice
         provision, which was designated a condition precedent to coverage.
              In that respect Bankers Ins. Co. v. Macas, 475 So.2d 1216,
         1218 (Fla. 1985) has taught:
              A notice of accident in most insurance policies is a
              condition precedent to a claim.  It was so designated in
              the policy in this case.  Such a condition can be avoided
              by a party alleging and showing that the insurance
              carrier was not prejudiced by noncompliance with the
              condition.  The burden should be on the party seeking an
              avoidance of a condition precedent.
            
         And Bankers, id. explains the usual effect of an insured's failure
         to satisfy that condition precedent:
              If the insured breaches the notice provision, prejudice
              to the insurer will be presumed, but may be rebutted by
              a showing that the insurer has not been prejudiced by the
              lack of notice.
          
              At a minimum, then, Occidental's failure to comply with the
         notice provision created a presumption of prejudice sufficient to
         relieve Allstate of its duties under the Policy, thus shifting the
         burden to Occidental to demonstrate that its tardiness did not in
         fact prejudice Allstate.  But the district court went one step
         further and concluded that under the circumstances Allstate was
         prejudiced as a matter of law (Opinion at 647):
              [U]nder Florida law, failure to notify an insurer of a
              claim until after an adverse judgment has been handed
              down is evidence of prejudice as a matter of law.
          
              Occidental and Chavez contend that prejudice is rather a
         question of fact, so that the issue was inappropriate for
         resolution at the summary judgment stage.  They urge that they
         should have been afforded an opportunity to adduce evidence
         sufficient to rebut the prejudice presumption.  To be sure, whether
         an insurer has been prejudiced by the insured's failure to provide
         timely notice is often a factual question.  But where as here the
         relevant facts are not in dispute and where as here notice was not
         given until after judgment was entered against the insured, there
         are a substantial number of cases from jurisdictions around the
         country that hold that prejudice exists as a matter of law--
         exemplary of such cases are Allstate Ins. Co. v. Kepchar, 592
         N.E.2d 694, 698-99 (Ind. Ct. App. 1992); Lusalon, Inc. v. HartfordAccident & Indem. Co., 498 N.E.2d 1373, 1375 (Mass. App. Ct. 1986),
         aff'd on other grounds, 511 N.E.2d 595, 598 n.9 (Mass. 1997); Huntv. Ford Motor Co., 1995 WL 523646, at *4 and n.3, reported in table
    at 65 F.3d 178 (10th Cir. 1995)     ; and other cases cited in each of
         those decisions.  We ourselves have relatedly said in PreferredMut. Ins. Co. v. Travelers Cos., 127 F.3d 136, 137 (1st Cir. 1997):
              [C]onstruction of insurance contracts and application of
              their terms to established facts are matters of law,
              ultimately for us.
          
              We have already said that Occidental's delay was not of the
         modest type most frequently encountered, when an insurer contends
         (for example) that its ability to investigate a covered occurrence
         has been hampered by its not having been brought into the picture
         as soon as the insured learned that a claim might be made.  That
         type of situation does indeed present a factual question of
         reasonable notice, as Ideal Mut. Ins. Co. v. Waldrep, 400 So.2d
         782, 785 (Fla. Dist. Ct. App. 1981) has explained regarding the
         other facet of the Policy's Condition 11 notification requirement:
              Notice is necessary when there has been an occurrence
              that should lead a reasonable and prudent man to believe
              that a claim for damages would arise.
          
              Quite to the contrary in this case, prejudice to Allstate is
         the inevitable consequence of Occidental's failure to provide it
         with any notice of the lawsuit until after the entry of a large
         adverse judgment against Occidental.  By the time that Allstate
         finally received notification, it was confronted with an
         established liability of $200,000 plus attorneys' fees and costs
         totaling more than $420,000.  Occidental did not offer any
         justification for its nearly three year delay, which thwarted the
         essential purposes of the notification requirement.  As the
         district court correctly observed (Opinion at 647):
              Where the insurer has not been notified of a pending
              claim until after judgment, it is deprived of its ability
              to investigate the allegations, to locate witnesses, to
              appoint counsel of its choice, to negotiate a settlement,
              and to develop its own trial strategy.
          
              It is frankly difficult to imagine how Allstate could have
         suffered greater prejudice from the clear breach of its contractual
         right to prompt notice.  We hold that Occidental's extraordinarily
         tardy notice not only breached the Policy's notice provision but
         also prejudiced Allstate as a matter of law, thus relieving it of
         any duty to defend the Rodriguez suit on appeal or to indemnify
         Occidental and Chavez for the judgment rendered against them.
                                Conclusion
              There is no genuine issue of material fact, and the district
         court correctly determined that Allstate was entitled to a judgment
         as a matter of law.  Its Rule 56 motion was properly granted, while
         the Occidental-Chavez motion was of course properly denied.  We
         AFFIRM.

</body>

</html>