LEVINE, J.
The issue presented is whether the trial court erred in determining that there was no genuine issue of material fact as to whether the insurer was prejudiced by the notice given by the insureds to the insurer. We find that the trial court erred in determining that there was no issue of material fact as to whether the insurer was prejudiced by the timing of the notice given by the insureds.
The insureds had a homeowner’s insurance policy with the insurer when Hurricane Wilma caused significant damage to South Florida on October 24, 2005. The insureds’ policy had a deductible of $9,665 for hurricane damage. The specific provisions of the insurance policy required the insureds to comply with the following duties “after a loss to which this insurance may apply”:
a. give immediate notice to us or our agent....;
b. protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;
c. prepare an inventory of damaged or stolen personal property....;
d. as often as we reasonable require:
(1) exhibit the damaged property;
(2) provide us with records and documents we request and permit us to make copies;
[[Image here]]
e. submit to us, within 60 days after the loss, your signed, sworn proof of loss[.]
The insurance policy also required the insured be in “compliance with the policy provisions” in order to file suit.
After Hurricane Wilma, the insureds became “aware of roof damage” to their *287 home. They hired a company to repair or replace approximately twenty-three broken roof tiles, for which they paid $300. The insureds also applied for financial relief from FEMA in order to cover the cost of the broken tiles. The insureds believed that the cost of repairing the damage “would not exceed the deductible” of $9,665.
Throughout the next few years, the insureds’ roof continued to leak and their home continued to suffer further damage. The insureds reported their claim to the insurer on March 9, 2009, over three years after Hurricane Wilma.
An investigator for the insurer observed fifty-two repaired roof tiles and thirteen replaced roof tiles, but was “unable to establish a date and cause of loss.” As a result of the investigator’s review, the insurer informed the insureds that the investigator could “not find any accidental direct physical loss to the dwelling which [could] be directly related to Hurricane Wilma.” The insureds provided to the insurer a receipt for $300 in repairs from 2005 reflecting that the repairs were “the result of storm damage caused by Hurricane Wilma.” In response, the insurer claimed that the receipt did not “sufficiently overcome [its] prejudiced ability to independently investigate the cause and date of any damage which necessitated the roof repairs.”
The insureds then sued the insurer for breach of contract. The insurer raised the insureds’ failure to comply with the post-loss duties under the policy as an affirmative defense, including their duty to give the insurer immediate notice of the alleged loss. In opposition to the insurer’s motion for summary judgment, the insureds filed several affidavits, including those of engineer Geoff Nicholson and public adjuster Ricardo McDonald.
Nicholson averred that he inspected the insureds’ home and roof on June 3, 2010. According to Nicholson, “[t]he inspection revealed a classic pattern of wind damage. The only possible event that could have caused this type of damage was Hurricane Wilma” Nicholson stated that “Hurricane Wilma caused the tile uplift and tile breakage damages that we observed on the roof.” Further, Nicholson opined that “within reasonable engineering probability ... the classic pattern of windstorm damage from Hurricane Wilma ... was clearly evident upon the inspection which was conducted in 2010 and would have been evident upon an inspection by” the insurer.
Also in opposition to the insurer’s motion, McDonald claimed that he had met with the insurer’s investigator who had inspected the insureds’ home. McDonald stated in his affidavit that the insurer’s investigator told McDonald “that there appeared to be storm damage to the [insureds’] roof.” McDonald believed the damage to the insureds’ roof was caused by Hurricane Wilma.
The trial court granted the insurer’s motion for summary judgment finding that the insureds failed to report the loss in a “timely fashion. And, therefore, it constitutes as presumed to be prejudice.” As a result of the granting of summary judgment, this appeal ensues.
We review de novo the grant of summary judgment by the trial court. Sunshine State Ins. Co. v. Jones, 77 So.3d 254, 257 (Fla. 4th DCA 2012). “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Id. (quoting Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000)).
As a general matter, “[i]f the insured breaches the notice provision, prejudice to the insurer will be presumed, *288 but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice.” Bankers Ins. Co. v. Macias, 475 So.2d 1216, 1218 (Fla.1985). Thus the notice condition in an insurance policy “can be avoided by a party alleging and showing that the insurance carrier was not prejudiced by noncompliance.” Id. See also Nationwide Mut. Fire Ins. Co. v. Beville, 825 So.2d 999, 1004 (Fla. 4th DCA 2002) (“Unless the carrier was prejudiced by the insured’s violation of the notice provision, the carrier could not avoid its duty to provide coverage for the expenses.”). Clearly, the burden is “on the insured to show lack of prejudice where the insurer has been deprived of the opportunity to investigate the facts.” Macias, 475 So.2d at 1218. Whether the presumption of prejudice to the insurer has been overcome is “ordinarily ... a separate issue of fact.” Gonzalez v. U.S. Fid. & Guar. Co., 441 So.2d 681, 681 (Fla. 3d DCA 1983). Before the trial court should grant summary judgment, the record on such a motion should “conclusively foreclose[ ]” the insured’s “ability to overcome the presumption [of prejudice].” Robinson v. Auto Owners Ins. Co., 718 So.2d 1283, 1285 (Fla. 2d DCA 1998).
We find that the trial court erred in granting summary judgment. The trial court conclusively presumed prejudice to the insurer since the insurer was deprived of the opportunity to conduct a timely investigation. However, there remained a disputed issue of material fact as to whether the insurer was, in fact, prejudiced by the late notice from the insureds.[1]
In the present case, the affidavits of Nicholson and McDonald created issues of material fact as to whether the insureds could overcome the presumption of prejudice applicable to the late notice provided to the insurer. Nicholson’s opinion that the insurer could still have observed the “classic pattern of windstorm damage” left by Hurricane Wilma as late as 2010 suggested that the insureds could convince a finder of fact that their noncompliance with the notice provision did not prejudice the insurer by depriving it “of the opportunity to investigate the facts.”[2] Macias, 475 So.2d at 1218.
Further, McDonald’s declaration in his affidavit that the insurer’s investigator told him that there was storm damage to the insureds’ roof also presents an issue of material fact concerning the ability of the insureds to overcome the presumption of prejudice.[3] We disagree with the insurer’s contention that McDonald’s rendition of what the investigator said was inadmissible hearsay. The investigator’s statement was admissible as a vicarious admission of the insurer. § 90.803(18)(d), Fla. *289 Stat.; see, e.g., Botte v. Pomeroy, 497 So.2d 1275, 1277-78 (Fla. 4th DCA 1986). Finally, the statement was not offered to prove the truth of the matter asserted, i.e., that the insureds’ roof incurred storm damage; rather, it was offered to prove that the insurer had the opportunity to observe roof damage caused by Hurricane Wilma.
In summary, there remained issues of material fact regarding the insureds’ ability to overcome the presumption of prejudice applicable to the late notice of their damage claim given to the insurer. Accordingly, we reverse the entry of final summary judgment for the insurer and remand for further proceedings consistent with this opinion.[4]

Reversed and remanded.

POLEN and HAZOURI, JJ., concur.

. The insureds argue that an issue of material fact existed as to whether they in fact complied with the notice provision, based on their belief that the $300 in damage was not a loss to which their insurance "may apply” in light of their $9,665 deductible. Because we find that the trial court erred under Macias, we decline to address this issue. Rather, we assume for purposes of this opinion, without deciding its merits, that the notice provided by the insureds did not comply with the provision requiring immediate notice.

. Specifically, Nicholson gave his opinion that, within reasonable engineering probability:
the classic pattern of windstorm damage from Hurricane Wilma which was observed on the [insureds'] roof was clearly evident upon the inspection which was conducted in 2010 and would have been evident upon an inspection by [the insurer] and therefore [the insurer] was not prejudiced in it’s [sic] investigation of this claim.

.In addition, McDonald reiterated that the insurer "was not prejudiced by the late reporting of this claim.”

. We also decline the insurer’s invitation to affirm the granting of summary judgment under the tipsy coachman doctrine based on the insureds’ alleged failures to comply with other post-loss duties under the insurance policy. The transcript of the summary judgment hearing reveals that the trial court based the entry of summary judgment only on the insureds’ failure to provide timely notice. An appellate court "should not ordinarily decide issues not ruled on by the trial court in the first instance.” Akers v. City of Miami Beach, 745 So.2d 532, 532 (Fla. 3d DCA 1999). We, therefore, "express no opinion as to the legal merits of [the insurer’s] alternative ground[s] at this time.” Id.