GERBER, J.
The insureds appeal the circuit court’s final summary judgment in favor of the insurer. The insureds primarily argue that their untimely pre-suit notice of the alleged loss and untimely pre-suit submission of a sworn proof of loss did not preclude them from recovery under the policy. We disagree. We conclude that the in *304 sureds’ untimely pre-suit notice of the alleged loss and untimely pre-suit submission of a sworn proof of loss created a presumption of prejudice to the insurer, which the insureds failed to rebut, thereby precluding the insureds from recovery under the policy. Thus, we affirm.
From the insurer’s amended motion for summary judgment and the insureds’ memorandum and affidavits in response, we discern the following undisputed material facts. In September, 2004, Hurricane Frances and Hurricane Jeanne allegedly damaged the insureds’ roof. The insureds’ policy provides that “[a]fter a loss ... [the insureds] shall ... give immediate notice to [the insurer]” and shall “submit to [the insurer], within 60 days after the loss, [the insureds’] signed, sworn proof of loss.” The policy further provides: “No action shall be brought unless there has been compliance with the policy provisions.” The insureds did not give immediate notice of the alleged loss to the insurer and did not submit to the insurer a sworn proof of loss within 60 days after the alleged loss. Instead, the insureds decided for themselves that the roof tiles which blew off their roof were not the type of damages which involved the policy at issue.
Four years later, in 2008, a leak occurred in the insureds’ roof. The insureds again did not give notice of the alleged loss or submit a sworn proof of loss to the insurer. Instead, the insureds decided for themselves that the amount of money to repair the leak was below their deductible and, as such, did not involve the policy at issue.
In May, 2009, the insureds were advised by a person who inspected their roof that Hurricane Frances and Hurricane Jeanne may have caused damage to their roof. Later that month, the insureds filed a claim with the insurer for the estimated cost to replace the roof.
The insurer investigated the claim. The investigation included an inspection of the roof. In July, 2009, the insurer sent the insureds a letter stating, in pertinent part:
Due to multiple policy violations including the failure to immediately report the loss, the failure to exhibit the damage prior to effecting permanent repairs, the failure to keep detailed and accurate records of repair expenditures relative to causation, date of damage, date of repairs, scope of damage, and incurred costs, our ability to independently validate your claim has been compromised.
The letter then referred the insureds to the policy provisions stating, among other things, that “[a]fter a loss ... [the insureds] shall ... give immediate notice to [the insurer]” and “submit to [the insurer], within 60 days after the loss, [the insureds’] signed, sworn proof of loss.” Later that month, the insureds submitted a sworn proof of loss to the insurer.
The following month, that is, August, 2009, the insurer sent the insureds a letter stating, in pertinent part: “[U]pon review of the previously submitted information and our inspection ... we remain unable to extend coverage for this loss based upon our completed investigation with regard to the policy provisions listed below.” The letter again referred the insureds to the policy provisions stating, among other things, that “[a]fter a loss ... [the insureds] shall ... give immediate notice to [the insurer]” and “submit to [the insurer], within 60 days after the loss, [the insureds’] signed, sworn proof of loss.” Later that month, the insureds sued the insurer for breaching the policy by failing to pay the claim.
The insurer’s amended motion for summary judgment argued that the insureds materially breached their duties under the policy by, among other things, not giving *305 immediate notice of the alleged loss and not submitting a sworn proof of loss within 60 days after the loss. According to the insurer, the insureds’ material breach of their duties under the policy relieved the insurer of its duties under the policy.
The insureds’ response to the amended motion argued that they complied with the policy by giving immediate notice of the loss as soon as they became aware in May, 2009, that there was damage which involved the policy at issue. The insureds further argued that their failure to give notice of the loss within the time provided by the policy did not prejudice the insurer and therefore was not a ground for denying coverage. In support of the latter argument, the insureds attached the affidavit of a structural engineer. In the affidavit, the engineer stated that he had worked on many cases where the insurer in this case “has relied on engineers to determine the cause of damage to property years after a storm.” According to the engineer, “damage as a result of hurricanes is noticeably different from other causes of loss such as wear and tear, deterioration, and the like.”
At the hearing on the motion, the insurer primarily argued that it was prejudiced by the insureds’ untimely pre-suit notice of the alleged loss and untimely pre-suit submission of the sworn proof of loss. In support of that argument, the insurer cited Bankers Insurance Co. v. Macias, 475 So.2d 1216 (Fla.1985), for the proposition that “[i]f the insured breaches the notice provision, prejudice to the insurer will be presumed.” Id. at 1218 (citations omitted). The insurer conceded that under Bankers, the presumed prejudice “may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice.” Id. (citations omitted). The insurer argued, however, that the insureds failed to make any such showing in the record.
The circuit court, citing Goldman v. State Farm Fire General Insurance Co., 660 So.2d 300 (Fla. 4th DCA 1995), inquired whether it first needed to determine whether the notice provisions at issue were conditions precedent rather than cooperation clauses. See id. at 303-04 (“[A]n insurer need not show prejudice when the insured breaches a condition precedent to suit.... On the other hand, if the provision is a cooperation clause, the burden would be on the insurer to demonstrate substantial prejudice before a breach would preclude recovery under the policy.”) (citations and footnote omitted). The insurer agreed that the court needed to make such a determination. The insurer then requested the court to determine that the notice provisions at issue were conditions precedent.
The insureds responded that the court need not determine whether the notice provisions at issue were conditions precedent rather than cooperation clauses. The insureds reasoned that they were not required to give notice of the loss until they knew that the loss was above their deductible. The insureds further argued that even if prejudice to the insurer was presumed, their structural engineer’s affidavit, commenting upon the insurer’s ability to determine the cause of damage years after a storm, rebutted the presumption.
In reply, the insurer argued that the engineer’s affidavit did not rebut the presumption. The insurer referred to the engineer’s report referenced in the affidavit. In the report, the engineer stated: “Foot traffic over the prior 11 years may have contributed to the breakage, though wind damage, in our opinion, was equally likely.” (emphasis added). The engineer also stated: “Since resetting of tiles occurred prior to this inspection, it was not possible to discern the full extent of the damages that existed immediately after *306 [the hurricanes].” (emphasis added). According to the insurer: “If the [insureds’] own expert can’t determine the cause, how can [the insurer]?”
After the hearing, the circuit court entered an order granting the insurer’s amended motion for summary judgment. In the order, the court stated its findings:
The Court ... finds that no genuine issue of material fact exists as to [the insureds’] indisputable violation of policy conditions which are precedent to coverage and the resulting and presumptive prejudice to [the insurer] in attempting to ascertain the cause of the alleged loss. This Court finds that [the insureds] presented no evidence to overcome [the insurer’s] undisputed prejudice caused by [the insureds’] violations of their contractual obligations to comply with policy conditions.
The court then entered a final judgment in favor of the insurer.
This appeal followed. Our review is de novo. See Chandler v. Geico Indem. Co., 78 So.3d 1293, 1296 (Fla.2011) (when the issue on appeal stems from the trial court’s ruling on summary judgment based upon the interpretation of an insurance contract, the appellate court’s standard of review is de novo) (citations omitted).
We agree with the circuit court that the policy provisions requiring the insureds to give immediate notice of the loss and submit a sworn proof of loss within 60 days of the loss were conditions precedent to suit, and not cooperation clauses. An insurance contract “must be construed in accordance with the plain language.” Id. at 1300 (citation and internal quotations omitted). Here, the policy’s plain language states that “[a]fter a loss ... [the insureds] shall ... give immediate notice to [the insurer]” and shall “submit to [the insurer], within 60 days after the loss, [the insureds’] signed, sworn proof of loss.” The policy further provides: “No action shall be brought unless there has been compliance with the policy provisions.” Such language causes the giving of immediate notice of the loss and the submission of a sworn proof of loss within 60 days of the loss to become conditions precedent to suit. See Bankers, 475 So.2d at 1218 (“A notice of accident in most insurance policies is a condition precedent to a claim. It was so designated in the policy in this case.... A failure to cooperate clause, on the other hand ... is a condition subsequent....”); Starling v. Allstate Floridian Ins. Co., 956 So.2d 511, 513-14 (Fla. 5th DCA 2007) (the insured’s obligation under an insurance policy to provide the insurer with a sworn proof of loss within 60 days after loss constituted a condition precedent to suit where the policy stated: “No suit or action may be brought against us unless there has been full compliance with all policy terms.”).
Despite the fact that a notice of loss and a sworn proof of loss are conditions precedent to suit, however, our supreme court long has held that “[s]uch a condition can be avoided by a party alleging and showing that the insurance carrier was not prejudiced by noncompliance with the condition.” Bankers, 475 So.2d at 1218. In other words, “[i]f the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice.” Id. (citations omitted).
Applying that principle to this case, the insureds’ untimely pre-suit notice of the alleged loss and untimely pre-suit submission of the sworn proof of loss is presumed to have prejudiced the insurer. Thus, the burden shifted to the insureds to show that the insurer was not prejudiced by their untimely pre-suit notice of the *307 alleged loss and the untimely pre-suit submission of the sworn proof of loss. This burden shifting is consistent with the burden shifting which occurs on a motion for summary judgment when the movant has met the initial burden of demonstrating the nonexistence of any genuine issue of material fact. See Landers v. Milton, 370 So.2d 368, 370 (Fla.1979) (“A movant for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact. But once he tenders competent evidence to support his motion, the opposing party must come forward with counterevidence sufficient to reveal a genuine issue.”).
Here, the insureds failed to come forward with counterevidence sufficient to reveal a genuine issue of material fact as to whether the insurer was prejudiced by the insureds’ untimely pre-suit notice of the alleged loss and untimely pre-suit submission of the sworn proof of loss. The insureds’ evidence consisted of their structural engineer’s affidavit. In the affidavit, the engineer stated in general terms that he had worked on many cases where the insurer in this case “has relied on engineers to determine the cause of damage to property years after a storm.” According to the engineer, “As described in the attached report, damage as a result of hurricanes is noticeably different from other causes of loss such as wear and tear, deterioration, and the like.”
However, as the insurer argued, the engineer’s report, when discussing the damage specific to the insureds’ roof here, stated: “Foot traffic over the prior 11 years may have contributed to the breakage, though wind damage, in our opinion, was equally likely.” (emphasis added). The engineer’s report also stated: “Since resetting of tiles occurred prior to this inspection, it was not possible to discern the full extent of the damages that existed immediately after [the hurricanes].” (emphasis added). We agree with the insurer that the engineer’s affidavit and report did not create a genuine issue of material fact as to whether the insured had rebutted the presumption of prejudice to the insurer. In fact, the engineer’s statement bolstered the insurer’s argument that it had been prejudiced. As the insurer argued: “If the [insureds’] own expert can’t determine the cause, how can [the insurer]?” Therefore, the insureds properly suffered an adverse final judgment. Compare Bankers, 475 So.2d at 1218 (“[The insured] should have shown that [the insurer] suffered no prejudice from this unreasonable delay. [The insured] failed to present any evidence on this issue and properly suffered an adverse final judgment.”), with Stark v. State Farm Fla. Ins. Co., 95 So.3d 285, 2012 WL 2327789 (Fla. 4th DCA 2012) (reversing summary judgment for the insurer where, among other things, the insured presented evidence that the insurer’s investigator allegedly told the insureds’ public adjuster “that there appeared to be storm damage to the [insureds’] roof.”).
We have considered the insureds’ other arguments and conclude without further discussion that those arguments lack merit. Because we affirm as to the insureds’ appeal, the insurer’s cross-appeal is moot.

Affirmed.

[1]

TAYLOR and LEVINE, JJ., concur.

. In reaching this decision, we clarify our opinion in Kroener v. Florida Insurance Guar *308 anty Ass’n, 63 So.3d 914 (Fla. 4th DCA 2011). There, in affirming a summary judgment for the insurer, we held: "[W]e agree with the trial court's ruling that, as a matter of law, notice to the insurer of a claim of loss more than two years and two months after the loss occurred was not prompt notice; the untimely reporting of the loss violated the insurance policy and was sufficient to bar the claim.” Id. at 916 (citation omitted). That holding was based upon a record similar to this case, where the insurer argued that it was prejudiced by the insureds' untimely pre-suit notice of the alleged loss, and the insureds did not come forward with counterevidence sufficient to reveal a genuine issue as to whether the insurer was prejudiced. Kroener should not be interpreted as having deviated from the prejudice analysis described in Bankers.