DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**LLOYD OLIVER HUNT** and **DEBORAH HUNT,**
Appellants,

v.

**STATE FARM FLORIDA INSURANCE COMPANY,**
Appellee.

No. 4D13-272

[August 20, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David Krathen, Judge; L.T. Case No. 10-42215 (09).

Gregory C. Ward of The Ward Law Group, P.L., Miami, for appellants.

Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, and Butler, Pappas, Weihmuller, Katz, Craig, LLP, Tampa, for appellee.

DAMOORGIAN, C.J.

Lloyd and Deborah Hunt appeal the circuit court's final summary judgment in favor of their insurer, State Farm Florida Insurance Company. The Hunts primarily argue that their untimely pre-suit submission of a sworn proof of loss did not preclude them from recovery under the policy. We disagree and affirm.

By way of background, in October of 2005, the Hunts' home was damaged by Hurricane Wilma. At the time Hurricane Wilma hit, the Hunts' home was insured by State Farm. Under their policy, the Hunts were required to provide State Farm with immediate notice of any loss, and to submit a signed, sworn proof of loss "within [sixty] days after the loss." Despite this requirement, the Hunts did not provide State Farm with a signed, sworn proof of loss until almost five years later, mere days before they filed suit against State Farm for breach of contract. State Farm moved for summary judgment, arguing that the Hunts materially breached their duties under the policy by not timely submitting a sworn proof of loss. The trial court agreed, finding that the Hunts breached a condition precedent to coverage and failed to introduce any record

evidence to rebut that State Farm was prejudiced by their breach. Accordingly, it entered final summary judgment in State Farm's favor.

We agree with the circuit court's ruling, which we review de novo. *Kramer v. State Farm Fla. Ins. Co.*, 95 So. 3d 303, 306 (Fla. 4th DCA 2012). It is well settled in Florida that submission of a sworn proof of loss when required by an insurance policy is a condition precedent to coverage. *Id.*; *Soronson v. State Farm Fla. Ins. Co.*, 96 So. 3d 949, 953 (Fla. 4th DCA 2012). If the insured fails to comply with a condition precedent before filing suit, its breach is deemed material, and thus the insurer is relieved of its duties under the policy. *Goldman v. State Farm Fire Gen. Ins. Co.*, 660 So. 2d 300, 305 (Fla. 4th DCA 1995). *See also Starling v. Allstate Floridian Ins. Co.*, 956 So. 2d 511, 513–14 (Fla. 5th DCA 2007). However, if the insured complies with the policy's conditions precedent before filing suit, albeit in an untimely manner, the insurer is only relieved of its duties under the policy if it was prejudiced by the insured's breach. *Kramer*, 95 So. 3d 306. In such a scenario, prejudice to the insurer is presumed and the insured bears the burden of rebutting the presumption. *Id.* Here, the record reflects that the Hunts did not come forward with any evidence rebutting the presumed prejudice State Farm suffered as a result of their tardily submitted proof of loss. Thus, the trial court properly entered summary judgment in State Farm's favor. *Id.*

Additionally, we note that we are aware of the Florida Supreme Court's recent decision in *State Farm Mutual Auto Insurance Co. v. Curran*, 135 So. 3d 1071 (Fla. 4th DCA 2014). We have considered *Curran*, and do not find it instructive as there, the court clarified the standards applicable to an insured's breach of a condition subsequent to coverage—not a condition precedent as is at issue in the instant case. *Id.* at 1079.

*Affirmed.*

GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***