DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WINSTON DIAS** and **KATHLEEN DIAS,**
Appellants,

v.

**UNIVERSAL PROPERTY AND CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D20-2575

[November 3, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Richard Lopane, Judge; L.T. Case No. CACE17-019661.

George A. Vaka and Nancy A. Lauten of Vaka Law Group, Tampa, for appellants.

Elizabeth K. Russo and Paulo R. Lima of Russo Appellate Firm, P.A., Miami, for appellee.

WARNER, J.

This appeal arises from a final summary judgment in favor of an insurance company, finding that, following a loss to their property, the appellants/insureds had breached their insurance policy by failing to comply with post-loss conditions. Because material issues of fact remain as to whether the insurer was prejudiced by the failure to comply, we reverse the final judgment.

Appellant/insureds are homeowners who suffered water property damage on March 16, 2016, in their home insured by appellee insurer. They immediately hired an emergency services contractor to stop the water loss and minimize the damages. Approximately a month later, they contracted with a public adjuster regarding the loss, who notified the insurer of the loss.

Insurer acknowledged the claim with an email to the public adjuster requesting a date and time to inspect the property and a sworn proof of loss and repair estimate and other documents. Insurer also sent a letter

to insureds notifying them that they were evaluating the claim on a reservation of rights for late reporting.  Attached to the letter was a sworn proof of loss.

Insurer's field adjuster inspected the home about two weeks later on May 2, 2016.  He was able to inspect all the areas affected and took photos and measurements.  He did not prepare an estimate, because he was not asked by insurer to do one.  At his deposition, he testified that he did not need any further information to prepare an estimate.

On May 24, not having received the sworn proof of loss or requested documents, insurer sent another letter asking insureds to submit them.  Another letter was sent on June 8, 2016, that likewise stated that insurer was proceeding under a reservation of rights.  This letter likewise requested a sworn proof of loss and other documents.  Then, on July 12, 2016, insurer sent a letter denying the claim for lack of cooperation for failure to submit the sworn proof of loss or the requested documents.

About six weeks later, the public adjuster submitted the sworn proof of loss and an estimate of the cost to repair.  Insurer acknowledged receipt and stated that it "neither accept[ed] nor reject[ed] said proof of loss at this time, pending additional investigation, review of line item estimates, and or review of additional documentation."  Later, insureds also provided the additional documentation requested in insurer's email to the public adjuster when it first acknowledged the claim.

In October 2017, insureds filed suit against the insurer.  Insurer answered, alleging that insureds had failed to satisfy all conditions precedent to recover pursuant to the policy, including providing documents and a sworn proof of loss.  The policy provided that "[n]o action can be brought unless the policy provisions have been complied with . . . ."

Insurer moved for summary judgment, arguing that the facts were not in dispute and that plaintiffs had forfeited coverage by failing to comply with their post-loss policy obligations.  This material breach prejudiced the insurer.  Insurer attached the policy, the correspondence with the insureds, and the emergency mitigation contractor's bill.

In response, insureds argued that they had substantially complied with the policy provisions prior to filing suit by providing the sworn proof of loss and documentation.  In addition, insureds filed the deposition of insurer's adjuster who had inspected the home, as well as excerpts of insurer's corporate representative's deposition.  In the deposition excerpts, counsel

2

had instructed the deponent not to answer questions regarding the documents furnished by insureds, arguing that insurer was refusing to allow insureds to engage in discovery regarding the prejudice to insurer.

After a full hearing, the trial court granted the motion and entered final judgment, concluding that the conditions of the policy had not been met. Insureds had failed to submit the sworn proof of loss within sixty days of the request by insurer, nor had they submitted the documents prior to insurer's denial of the claim. The trial court cited *Rodrigo v. State Farm Florida Insurance Co.*, 144 So. 3d 690 (Fla. 4th DCA 2014), and *Goldman v. State Farm Fire General Insurance Co.*, 660 So. 2d 300, 304 (Fla. 4th DCA 1995), for authority. Insureds then filed this appeal.

Insureds argue that they provided the sworn proof of loss and the documentation requested by insurer, albeit untimely, and satisfied the condition precedent to filing suit. They also provided evidence regarding the lack of prejudice to insurer by their late submissions. Therefore, disputed issues of material fact remain, and insurer was not entitled to summary judgment. Our review of the issues is de novo. *Chandler v. Geico Indem. Co.*, 78 So. 3d 1293, 1296 (Fla. 2011).

The trial court granted summary judgment, because it found that insureds had not submitted a sworn proof of loss or requested documentation prior to the claim being denied. Our supreme court has held that where an insured breaches the notice provisions of an insurance policy, prejudice to the insurer will be presumed but "may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice." *See Bankers Ins. Co v. Macias*, 475 So. 2d 1216, 1218 (Fla. 1985).

Where there has been untimely compliance with the policy provisions, we have applied *Bankers* to require that the insured prove that the insurer was not prejudiced by the delay in compliance with the policy provisions. In *Kramer v. State Farm Florida Insurance Co.*, 95 So. 3d 303, 306-07 (Fla. 4th DCA 2012), also a case where an untimely sworn proof of loss was provided prior to filing suit, we held that where the insured complies with the policy provisions, albeit untimely, there is presumption of prejudice to the insurer, but it may be rebutted by the insured. *See also Hunt v. State Farm Fla. Ins. Co.*, 145 So. 3d 210 (Fla. 4th DCA 2014); *State Farm Fla. Ins. Co. v. Figueroa,* 218 So. 3d 886 (Fla. 4th DCA 2017).

In this case, insureds provided the sworn proof of loss well prior to the filing of the suit but after the claim had been denied. They also provided significant other documentation. Nevertheless, they did not strictly comply with the policy provisions. Therefore, pursuant to *Bankers*,

insurer was entitled to the presumption of prejudice. In *Kramer* and *Hunt*, the insureds failed to establish prejudice, leading to the affirmance of the summary judgments in favor of those insurers. *See Kramer*, 95 So. 3d at 307; *Hunt*, 145 So. 3d at 212. Here, insureds offered evidence of lack of prejudice, particularly through the deposition of insurer's adjuster who inspected the property and testified that he had all that he needed to prepare an estimate for the damage which he had observed about six weeks after the water event, not years afterwards as in *Kramer* and *Hunt*.

*Rodrigo* and *Goldman* are both distinguishable. In *Rodrigo*, the insured did not provide his sworn proof of loss prior to filing suit, and in *Goldman*, the insurer did not sit for an examination under oath prior to filing suit. In both cases, the complete failure to comply with the conditions precedent *prior to filing suit* relieved the insurers of their duties under the policy.[1]

Insurer contends that insureds did not overcome the presumption of prejudice to insurer by the breaches of the policy provisions. Insurer points to its obligation to make a claim denial decision prior to the expiration of the statutory period contained in section 627.70131(5)(a), Florida Statutes (2020), which provides:

> Within 90 days after an insurer receives notice of an initial, reopened, or supplemental property insurance claim from a policyholder, the insurer shall pay or deny such claim or a portion of the claim unless the failure to pay is caused by factors beyond the control of the insurer which reasonably prevent such payment.

That an insurer is required to pay or deny a claim in accordance with the statutory terms does not necessarily show that an insurer is prejudiced when the insured does not cooperate. An insurer is not required to pay or deny a claim when the failure to pay is not within the control of the insurer. The failure of the insured to comply with policy provisions would be a matter not within the insurer's control. Moreover, even if the insurer denied the claim, the statute contemplates that a claim may be reopened. Thus, the initial denial may not be the last word on coverage or payment. While the failure to meet statutory time periods does not as a matter of law establish prejudice when an insured fails to substantially comply with post-loss terms, it is one of many factors that the court may consider on whether the insurer has been prejudiced.

---

[1] The standard insurance policy, like the one in this case, provides that no action can be brought unless the policy provisions have been complied with.

4

Because a disputed issue of fact remains as to whether insurer was prejudiced by the untimely submission of the sworn proof of loss and documentation, the trial court erred in granting summary judgment. We thus reverse and remand for further proceedings.

*Reversed and remanded.*

LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**