DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PALM BEACH COUNTY,**
Appellant,

v.

**FLORIDA PACE FUNDING AGENCY,**
Appellee.

No. 4D2023-3141

[November 6, 2024]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 502023CA009882XXXXMB.

Helene C. Hvizd, Senior Assistant County Attorney, Marianna R. Sarkisyan and Thomas E. Jablonski, Assistant County Attorneys, Palm Beach County Attorney's Office, West Palm Beach, for appellant.

Amber S. Nunnally and Elise M. Engle of Shutts & Bowen LLP, Tallahassee, and James C. Dinkins, CivForge Law, PA, Orlando, for appellee.

PER CURIAM.

Palm Beach County appeals an order granting Florida PACE Funding Agency's ("FPFA's") motion to dismiss the County's complaint for improper venue and transferring the case to Sarasota County pursuant to FPFA's common law home venue privilege. The County contends that the order on review should be reversed because (1) FPFA cannot claim the home venue privilege, (2) the "sword-wielder" exception defeats that privilege, or (3) the venue selection clause contained in the parties' since-terminated Interlocal Agreement applies, making venue proper in Palm Beach County. Although the County raised all three issues below, the lower court did not rule on the applicability of the venue selection clause. Rather, the lower court determined that FPFA is entitled to claim the home venue privilege and the sword-wielder exception does not apply in this case.

We affirm on the issues reached by the trial court. On this record, FPFA proved that it is a Florida governmental defendant entitled to claim the

home venue privilege. *See Fla. PACE Funding Agency v. Pinellas County*, 385 So. 3d 631, 637 (Fla. 2d DCA 2024) (explaining that, absent waiver or exception, governmental defendants in Florida are entitled to be sued in the county where their headquarters are located). Further, the County's claims do not invoke the "sword-wielder" exception to FPFA's venue privilege. *See id.* at 638 (holding the sword-wielder doctrine could not be invoked in what was "essentially a showdown between two governmental parties.").

However, the venue selection clause is potentially dispositive to the appropriate venue in this case, and the trial court did not reach that issue below. Accordingly, we remand for the trial court to determine the applicability of the venue selection clause in the first instance. *See Baker v. Econ. Rsch. Servs., Inc.*, 242 So. 3d 450, 455 (Fla. 1st DCA 2018) (remanding for the trial court to decide in the first instance whether a forum selection clause covered multiple claims raised in the complaint); *Stark v. State Farm Fla. Ins. Co.*, 95 So. 3d 285, 289 n.4 (Fla. 4th DCA 2012) (quoting *Akers v. City of Miami Beach*, 745 So. 2d 532, 532 (Fla. 3d DCA 1999)) (explaining that appellate courts should ordinarily refrain from deciding issues not ruled on by the trial court). In remanding the venue selection clause issue for further consideration, we express no view on the merits of the parties' respective positions.

*Affirmed and remanded with instructions.*

KLINGENSMITH, C.J., GROSS and ARTAU, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

2