# Third District Court of Appeal
## State of Florida

Opinion filed January 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2169
Lower Tribunal No. 22-6921
_____

**Luis Perez, et al.,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Shield Law Group of Florida, LLC, and Jamie Alvarez (Davie), for appellants.

Luks, Santaniello, Petrillo, Cohen & Peterfriend, and Edgardo Ferreyra, Jr. and Tabitha Jackson (Tallahassee), for appellee.

Before EMAS, MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. See Navarro v. Citizens Prop., Ins. Corp., 353 So. 3d 1276, 1279 (Fla. 3d DCA 2023) ("In determining whether an insured's untimely reporting of a loss is sufficient to support a denial of recovery under a policy, Florida courts have applied a two-step process. 'The first step in the analysis is to determine whether . . . the notice was timely given.' Second, '[i]f the notice was untimely, then prejudice to the insurer is presumed.' That presumption may nevertheless be rebutted if the insured demonstrates the insurer had not been prejudiced by the untimely notice.") (quoting LoBello v. State Farm Fla. Ins. Co., 152 So. 3d 595, 599 (Fla. 2d DCA 2014) and additional citation omitted); Perez v. Citizens Prop. Ins. Corp., 343 So. 3d 140, 142 (Fla. 3d DCA 2022) ("If the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice.") (quoting Bankers Ins. Co. v. Macias, 475 So. 2d 1216, 1218 (Fla. 1985)). See also De La Rosa v. Fla. Peninsula Ins. Co., 246 So. 3d 438, 441 (Fla. 4th DCA 2018) ("At the summary judgment hearing, appellants conceded that they gave late notice of their claim and that they had to present evidence to rebut the presumption of prejudice to the insurer. Thus, the pertinent issue is whether appellants presented sufficient counterevidence to rebut the presumption of prejudice from the late notice."); In re Amends. to Fla. R. Civ.

P. 1.510, 317 So. 3d 72, 75 (Fla. 2021) ("[T]hose applying new rule 1.510 must recognize that a moving party that does not bear the burden of persuasion at trial can obtain summary judgment without disproving the nonmovant's case."); 1500 Coral Towers Condo. Ass'n, Inc. v. Citizens Prop. Ins. Corp., 112 So. 3d 541, 544-45 (Fla. 3d DCA 2013) (observing that the "extended passage of time creates a very strong inference Citizen's investigation and defenses have been diminished as a result of late notice," and concluding that the affidavit of the Coral Towers' expert failed to rebut presumption of prejudice: "The closest Coral Towers comes is a conclusory statement by one of its engineers that, in his opinion, the late notice did not prejudice Citizens. This is not the legally sufficient evidence required to overcome the presumption of prejudice. We affirm the trial court's grant of summary judgment in favor of Citizens.")