422 So.2d 1000 (1982)
TRAVELERS INSURANCE COMPANY, Appellant,
v.
Agnes JONES, Robert M. Jones, Her Husband, and United States Fire Insurance Company, Etc., et al., Appellees.
UNITED STATES FIRE INSURANCE COMPANY, Appellant,
v.
Agnes JONES, et al., Appellees.
Nos. 80-2098, 80-2112 and 80-2113.
District Court of Appeal of Florida, Fourth District.
November 24, 1982.
Rehearings Denied December 29, 1982.
*1001 Roy R. Watson of Adams, Coogler, Watson & Smith, West Palm Beach, for appellant, Travelers Ins. Co.
Joe N. Unger, Law Offices of Joe N. Unger, P.A., Miami, and Pomeroy, Betts, Wiederhold & Moses, West Palm Beach, for appellant, United States Fire Ins. Co.
Montgomery, Lytal, Reiter, Denney & Searcy, and Larry Klein, West Palm Beach, for appellees, Agnes Jones, and Robert Jones, her husband.
BERANEK, Judge.
This opinion deals with three separate appeals involving a complex insurance coverage liability dispute. At the root of this dispute is an automobile accident involving appellee, Agnes Jones, and Mario Torres, who is not a party to this action. It is uncontested that Mrs. Jones was seriously injured as a result of the collision and that Torres was responsible. The car Torres was driving was owned by his father-in-law, Efraim Jimenez, an insured of appellant, Travelers Insurance Company. As a permissive user of the Jimenez vehicle, Torres was an additional insured under the Travelers policy which had a $10,000 limit. Torres also had his own insurance policy with limits of $10,000 which had been issued by appellant, United States Fire Insurance Company, under the Florida Assigned Risk plan.
Travelers was promptly notified of the accident by Jimenez and, following an investigation, determined that liability was clear and the claim had a value of at least the $10,000 policy limit. Thereafter, Agnes Jones and her husband, Robert Jones, filed suit against Jimenez, Torres, and Travelers, but service was not immediately perfected on Torres. Travelers recognized Torres as a potential insured under its policy and unsuccessfully attempted to locate him. Following service on Jimenez and his carrier, Travelers agreed to pay the policy limits to Mr. and Mrs. Jones. The Joneses executed a written release of Jimenez and Travelers but advised Travelers that they did not want to release Torres since they had not been able to ascertain whether he had separate coverage. Travelers settled on behalf of its insured, Jimenez, but at that time took no further steps as to Torres.
Several months after the settlement, but before Travelers was dismissed from the suit, the Joneses obtained service on Torres. He turned the suit papers over to the Frases Insurance Agency where he had obtained his United States Fire policy. Unfortunately the agency negligently failed to forward these papers to United States Fire. Of course, the Torres set of suit papers also failed to reach Travelers Insurance Company. Consequently, a default was entered against Torres and, pursuant thereto, a jury trial was conducted as to damages which resulted in a $200,000 judgment against Torres. Although Travelers was still a party to the suit, the motion for default against Torres was not served on Travelers. Travelers never filed an answer in the case despite the fact it was served with process. Counsel for Jones had given Travelers an oral unlimited extension of time. After default was entered against Torres, Jones filed a motion to dismiss Jimenez and Travelers reciting the case had been settled with them. Even the motion to dismiss Travelers was not served on Travelers. Eventually the case was tried with notice to no defendant. Torres had no assets and assigned to the Joneses whatever cause of action he might have against United States Fire and Travelers and the insurance agent and agency. Based on this assignment, the Joneses instituted the instant suit against United States Fire, the Frases Insurance Agency, and its agent, Jose Balido. United States Fire then sued Travelers as a third party defendant and the Joneses thereafter joined Travelers as a direct defendant.
*1002 The theory of liability against Travelers was bad faith in that Travelers allegedly failed to exercise skill, care, and good faith to defend and protect Torres. Specifically, the complaint alleged that Travelers had notice of both the accident and the suit filed against Torres. Nevertheless, Travelers agreed to a release which did not protect Torres in any way. Travelers had learned that Torres did not read or speak English and should have known, therefore, that Torres would not understand his rights under the Travelers policy, or any legal papers which might be served on him. The major point was that Travelers' attempts at locating Torres were unsuccessful due to negligence and poor claims procedures.
The liability of United States Fire was based on breach of its obligation to indemnify Torres for damages awarded to the Joneses and breach of the contract of insurance by failing to provide Torres with a defense to the suit. It was asserted that the insurance agency had apparent authority as the carrier's agent. Substantial evidence was presented on this point and the jury's finding of apparent agency is not questioned on appeal.
The Frases Insurance Agency and Balido were alleged to be negligent in failing to advise United States Fire of the accident and failing to forward the summons and complaint which had been served on Torres and delivered by him to the agency. The agency and individual agent did not answer and were defaulted.
Travelers raised the defense that Torres had failed to comply with the conditions of the insurance policy in that he did not immediately notify Travelers and that he further failed to forward the summons and other process served on him. Similarly, United States Fire asserted as an affirmative defense Torres' failure to promptly report the accident in accordance with the provisions of the policy. Moreover, United States Fire defended by pointing to Travelers' failure to protect Torres' interests, to provide him with a defense, and to include him in the release secured by Travelers. Finally, United States Fire claimed that since Torres was an assigned risk and, as such, had applied for insurance through the Frases Insurance Agency, Balido and Frases were agents only of Torres and not of United States Fire. The factual issues of agency and apparent authority were tried and determined adversely to United States Fire.
After Balido and the Frases Agency defaulted, the suit against the two insurance companies proceeded to a jury trial. Following trial, the jury returned a verdict jointly against Travelers and United States Fire for the sum of $245,294.80. A judgment for $245,294.80 was entered against all defendants, and cross-claims by Travelers and United States Fire against Frases and Balido were granted for the full amount of the judgment. Post-judgment proceedings resulted in cross-claims by Travelers and United States Fire against each other for contribution being granted to the extent of one-half of the plaintiffs' total recovery, including plaintiffs' costs and attorneys' fees.[1]
On appeal, Travelers argues that the trial court should have directed a verdict in its favor or, alternatively, should have entered judgment notwithstanding the verdict since Travelers never refused to defend Torres or to settle on his behalf, never had the opportunity to settle for him, and never put its own interests above those of its insured. Travelers does not, however, raise any argument in its brief with respect to the post-judgment determination on the contribution cross-claims between the two carriers. United States Fire raises three points on its appeal. First, it claims the trial court erred in refusing to set aside the jury determination of its liability since Torres failed to give notice of the accident as soon as practicable and such failure materially prejudiced *1003 the rights of the insurer. Next, it cites error in the trial court's refusal to find that United States Fire, under its excess clause, had a cause of action in equitable subrogation against Travelers for breach of the latter's duty of good faith to its insured for the full amount of plaintiffs' recovery. Finally, United States Fire separately appeals the trial court's order requiring it to pay one-half of plaintiffs' attorneys' fees.
As the matter now stands, the Joneses have a judgment for $200,000 against Torres who has assigned to them his rights against his own carriers for their negligence, bad faith, and failure to defend and settle on his behalf. Pursuant to this assignment, the Joneses secured judgments for $245,294.80, plus their costs and attorneys' fees against United States Fire, Travelers, and the defaulted insurance agency and agent. The carriers, in turn, have indemnity judgments against the agency and agent.[2] United States Fire and Travelers also have judgments against each other for contribution equal to one-half of the plaintiffs' $245,294.80, plus costs and fees, judgment.
We first turn our attention to Travelers' appeal. Travelers had knowledge of the suit filed against Torres even before Torres did. Although service had not been effected on Torres, he was named in the suit papers served on Jimenez and Travelers. Jimenez was a passenger in his own car which was being driven by Torres who was clearly at fault in the accident which resulted in a substantial injury to Mrs. Jones. Despite this knowledge, Travelers' efforts to contact Torres were, at best, feeble. This failure to locate was the major factual matter asserted in the plaintiffs' case against Travelers.
The most recent relevant decision of the Florida Supreme Court on bad faith is Boston Old Colony Insurance Company v. Gutierrez, 386 So.2d 783 (Fla. 1980), in which the Court stated as follows:
The insurer must investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery would do so... . [Citations omitted.] Because the duty of good faith involves diligence and care in the investigation and evaluation of the claim against the insured, negligence is relevant to the question of good faith. [Citations omitted.] ... The question of failure to act in good faith with due regard for the interest of the insured is for the jury. [Citations omitted.]
Further, in American Fire & Casualty Company v. Collura, 163 So.2d 784 (Fla. 2d DCA 1964), the district court held that the company must show that it exercised diligence and good faith in bringing about the cooperation of the insured. Basically, it is the position of the Joneses that Travelers' failure to find Mr. Torres was a sufficient basis on which the jury could conclude that the carrier was guilty of bad faith. The Florida Standard Jury Instruction (MI 3.1) provides in part:
An insurer acts in bad faith in failing to settle a claim within its policy limits, when, under all circumstances, it could and should have done so had it acted fairly and honestly toward its insured with due regard for its interests.
The problem in this case is that Travelers really never had an opportunity to settle on behalf of its insured, Torres, after he was served with process. The unfortunate circumstance of having the suit papers misplaced by the United States Fire agent cannot be held against Travelers. Had these suit papers been delivered to Travelers after service on Torres via United States Fire, we must assume Travelers would have complied with its contractual duty. The problem here and the crux of the plaintiffs' case is that Travelers did not locate Torres. Indeed, the trial court specifically instructed the jury as follows:
Now, in order for Travelers' obligation to Mr. Torres to be relieved by the failure of Mr. Torres himself to deliver the suit *1004 papers, you must find that the lack of cooperation was material, that Travelers would have been substantially prejudiced in the defense of the claim, that Travelers had complied in good faith with the terms of the policy and that Travelers exercised diligence and good faith by making an adequate effort to locate and bring about the cooperation of Mr. Torres. (T 920, 921, 922.) (Emphasis added.)
We disagree with the trial court that proof that Travelers was negligent in failing to locate Mr. Torres constituted a bad faith refusal to defend entailing liability for the excess judgment. Florida law has yet to place a duty to find an insured on the same level with the duty to settle the case when the opportunity is presented. Here plaintiffs would require that Travelers locate Torres and lead him by the hand through the entire suit. We decline to broaden the law to this extent. We recognize the presence of substantial opinion testimony from persons in the insurance industry that Travelers' poor claims practice constituted bad faith. One of these witnesses opined that Travelers should have gotten a side agreement with the Joneses' lawyer that Travelers would be notified if the case proceeded against Torres. The problem with this opinion evidence is that it assumes the existence of a duty to locate Torres. We further note that Travelers had every right to assume it would receive notice of the plaintiffs' formal motion for a default against Torres. After all, Travelers was still a party defendant in the case when Torres was finally served. We conclude the trial court erred in failing to grant a directed verdict on behalf of Travelers because the proof simply failed to demonstrate the existence of a duty and a breach of that duty under the circumstances. We thus reverse the plaintiffs' judgment against Travelers. In short, even negligent and unsuccessful attempts by a carrier to locate an unserved omnibus insured do not subject the carrier to liability for bad faith when that insured is later served and the papers are lost by the insured or his own agent.
Appellant, United States Fire, initially urges the trial court should have overturned the jury's finding of liability because Torres admittedly failed to report the accident and this failure constituted a breach of the cooperation clause of the policy as a matter of law. In advancing this argument, United States Fire concedes that the defense of lack of notice and other breaches of a cooperation clause by an insured require a showing of substantial prejudice to the rights of the insurer. As stated in Ramos v. Northwestern Mutual Insurance Company, 336 So.2d 71, 75 (Fla. 1976), at page 75:
Not every failure to cooperate will release the insurance company. Only that failure which constitutes a material breach and substantially prejudices the rights of the insurer in defense of the cause will release the insurer of its obligation to pay. The question of whether the failure to cooperate is so substantially prejudicial as to release the insurance company of its obligation is ordinarily a question of fact, but under some circumstances, it may well be a question of law. (Citations omitted.)
In the instant case, there was evidence presented on the question of whether United States Fire was prejudiced by the insured's failure to give timely notice. Further, the jury was instructed on this as a factual issue. United States Fire asserts on appeal that it never got the chance to settle the case because its policyholder gave late notice. This argument totally fails to recognize that United States Fire's agent simply failed to forward the suit papers for defense and that United States Fire is thus responsible for allowing a default to be taken against Mr. Torres. Indeed, even at that point, United States Fire did not defend Mr. Torres in the eventual jury trial on damages. United States Fire urges that had it been notified of the incident, it "undoubtedly" would have offered its policy limits to the Joneses who would have accepted them.[3] This is rather a hollow boast *1005 in light of the total failure to take any action after delivery of the suit papers. At the very least, the question of substantial prejudice occurring as a result of late notice to the carrier was one for the jury to decide. Here, the accident was thoroughly investigated by Travelers and there has apparently never been any doubt as to both liability and damages in excess of the limits in both policies.
The second argument advanced by United States Fire is that the trial court erred in failing to recognize a cause of action in equitable subrogation for a 100% recovery against Travelers. The trial court summarized the respective positions of the two carriers on their cross-claims against each other as follows:
The essence of the Defendant TRAVELERS' claim for contribution against UNITED STATES FIRE is that if Defendant UNITED STATES FIRE had defended MARIO TORRES when UNITED STATES FIRE's agent (by virtue of the Jury's Verdict) had received the suit papers, the Plaintiffs' cause of action would not exist, and consequently, that Defendant UNITED STATES FIRE should bear the burden of the Judgment in this case. On the other hand, the essence of Defendant UNITED STATES FIRE's claim for contribution against TRAVELERS is that had TRAVELERS not acted in bad faith by failing to find MARIO TORRES and protect him by putting his name on the Release they obtained, there would never had [sic] been any suit papers to deliver, and therefore, TRAVELERS should bear the entire burden of the Judgment.
The trial court concluded that the equities of the case warranted judgment in favor of each carrier for one-half of the total judgment. Under our prior ruling which exonerates Travelers from liability on the plaintiffs' claim of bad faith, Travelers should not have been held responsible to United States Fire on the theory of equitable subrogation. We conclude that United States Fire's complete and total disregard of suit papers delivered to it, coupled with the subsequent entry of a default judgment against the insured and the later uncontested trial of damages against that insured, is certainly sufficient reason to warrant imposition of liability against United States Fire herein and to deny this carrier a claimed recovery of 100 per cent on its asserted theory of equitable subrogation. Clearly, if United States Fire had defended its insured, Torres, the $200,000 default judgment would never have been entered. Under the prior ruling herein, United States Fire certainly had no claim against Travelers for 100 percent of the judgment based on equitable subrogation.
The last point raised by United States Fire relates to attorneys' fees awarded in favor of appellees' counsel. The only argument stated in the brief is that attorneys' fees were not authorized by Section 627.428, Florida Statutes (1979). The claim for attorneys' fees involved here was apparently assigned by the insured policyholder, Torres, to the plaintiffs, Mr. and Mrs. Jones. We see no reason why Torres would not have been allowed to recover his own attorneys' fees in securing coverage under his policy with United States Fire. See Nationwide Mutual Insurance Company v. McNulty, 229 So.2d 585 (Fla. 1969). Further, we can see no reason why the Torres claim for attorneys' fees was not assignable. We thus conclude that error has not been demonstrated in this regard.
The judgments below are affirmed in part and reversed in part and the matter remanded for further proceedings in accordance with this opinion.
Affirmed in part, Reversed in Part and Remanded.
HERSEY and DELL, JJ., concur.
NOTES
[1] The judgment on the crossclaims states:

United States Fire Insurance Company and Travelers Insurance Company shall each be entitled to recover from the other any portion of the judgment it pays to the plaintiffs ... which exceeds one half of the total Judgments entered in this action.
[2] No party presents any issue on appeal relating to the claims against the agent or agency.
[3] There was substantial evidence that the Jones tort case could have been settled if an additional $10,000 had been offered by United States Fire Insurance Company.