475 So.2d 1216 (1985)
BANKERS INSURANCE COMPANY, Petitioner,
v.
Caridad MACIAS, Respondent.
No. 65740.
Supreme Court of Florida.
August 29, 1985.
Rehearing Denied October 21, 1985.
*1217 Richard M. Gale, and Weinstein and Bavly, Miami, for petitioner.
Henry H. Harnage, and Stabinski & Funt, Miami, for respondent.
McDONALD, Justice.
We have for review Macias v. Bankers Insurance Co., 452 So.2d 1020 (Fla. 3d DCA 1984), which expressly and directly conflicts with Tiedtke v. Fidelity & Casualty Co., 222 So.2d 206 (Fla. 1969). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. The issue here is whether a presumption of prejudice to an insurer arises where an insured fails to give timely notice of an accident to the insurer. We hold that such presumption does arise and quash Macias.
Caridad Macias was injured in an automobile accident on September 7, 1980 while covered by a personal injury protection (PIP) policy issued by Bankers Insurance Company (Bankers). In 1982 Macias sued to have the $8,000 deductible in the PIP policy declared inoperative because the policy had been improperly sold to her when she had no other insurance benefits available. After a nonjury trial, the trial court entered a final judgment in favor of Bankers because Macias had pled and failed to prove that she gave notice of the accident and provided proof of claim to Bankers. The trial court held that this failure to notify created a presumption of prejudice to Bankers, which Macias did not dispel. The district court reversed, holding that "the defense of lack of notice and other breaches of a cooperation clause by an insured require a showing of substantial prejudice to the rights of the insurer." 452 So.2d at 1020-21. We disagree.
The district court has confused the insured's breach of the notice requirement with the insured's breach of a cooperation clause. These contractual duties are imposed on the insured for different reasons and must be considered separately. The notice requirement enables the insurer to conduct a timely and adequate investigation of all circumstances surrounding an accident. 8 Appleman, Insurance Law and Practice § 4731 (1981). The cooperation requirement, on the other hand, arises to prevent fraud and collusion in proceedings to determine liability once notice has been given. Id. at § 4771.
In Florida different presumptions arise depending on which duty has been *1218 breached. If the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice. National Gypsum Co. v. Travelers Indemnity Co., 417 So.2d 254 (Fla. 1982); Tiedtke. In a breach of cooperation clause case, however, the insurer must show a material failure to cooperate which substantially prejudiced the insurer. Ramos v. Northwestern Mutual Insurance Co., 336 So.2d 71 (Fla. 1976); American Fire & Casualty Co. v. Vliet, 148 Fla. 568, 4 So.2d 862 (1941). We quash Macias because the district court applied the breach of cooperation presumption against the insurer when it should have applied the lack of notice presumption against the insured. To the extent that they conflict with our holding here, we disapprove Donnell v. Industrial Fire & Casualty Insurance Co., 439 So.2d 974 (Fla. 3d DCA 1983), and Travelers Insurance Co. v. Jones, 422 So.2d 1000 (Fla. 4th DCA 1982), review denied, 431 So.2d 990 (Fla. 1983).
Macias urges us to abandon the Tiedtke presumption of prejudice rule as out of step with the modern trend requiring the insurer to show substantial prejudice resulting from the lack of notice. See 32 A.L.R.4th 141 (1984). We decline to do so. A notice of accident in most insurance policies is a condition precedent to a claim. It was so designated in the policy in this case. Such a condition can be avoided by a party alleging and showing that the insurance carrier was not prejudiced by noncompliance with the condition. The burden should be on the party seeking an avoidance of a condition precedent. A failure to cooperate clause, on the other hand, sometimes relieves an insurer of liability. A failure to cooperate is a condition subsequent and it is proper to place the burden of showing prejudice on the insurer.
The burden should be on the insured to show lack of prejudice where the insurer has been deprived of the opportunity to investigate the facts and to examine the insured. This rule should apply to claims under a PIP policy just as well as to claims under other policies. Here, the insurer could not evaluate Macias' PIP claims until notified by the declaratory judgment action two years later. Macias should have shown that Bankers suffered no prejudice from this unreasonable delay. She failed to present any evidence on this issue and properly suffered an adverse final judgment.[*]
Accordingly, we quash Macias and remand for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.
NOTES
[*] We also reject Macias' argument that Bankers failed to deny with specificity the allegations that notice had been properly given to Bankers. We find that Bankers' answer sufficiently put compliance with the notice provision of the policy at issue.