ORFINGER, C.J.,
concurring.
I concur with the majority opinion. However, I must concede that the Florida Supreme Court’s decision in Bankers Insurance Co. v. Macias, 475 So.2d 1216 (Fla.1985), leaves me with some doubt concerning which party bears the burden on the issue of prejudice.
In Macias, the supreme court held that the party bearing the burden of demonstrating prejudice, or the lack thereof, shifts depending on the nature of the contractual duty breached. Specifically, the court wrote:
[Contractual duties are imposed on the insured for different reasons and must be considered separately. The notice requirement enables the insurer to conduct a timely and adequate investigation of all circumstances surrounding an accident. The cooperation requirement, on the other hand, arises to prevent fraud and collusion in proceedings to determine liability once notice has been given.
In Florida different presumptions arise depending on which duty has been breached. If the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice. In a breach of cooperation clause case, however, the insurer must show a material failure to cooperate which substantially prejudiced the insurer.
475 So.2d at 1217-18 (internal citations omitted). The court concluded that “[t]he burden should be on the insured to show lack of prejudice where the insurer has been deprived of the opportunity to investigate the facts and to examine the insured. This rule should apply to claims under a PIP policy just as well as to claims under other policies.” Id. at 1218 (emphasis added).
If, as the supreme court stated in Macias, depriving an insurer the opportunity to examine an insured constitutes the breach of a notice provision, then Macias appears to suggest that prejudice is presumed, and that the insured must demonstrate the lack of prejudice. However, that is not entirely clear based on subsequent cases. If the supreme court takes up our certified question, this issue can be resolved.
Finally, I agree with Judge Monaco’s concurring opinion that the insured’s pre- *808 suit strategy was a poorly disguised setup for a bad faith claim against State Farm and not a meaningful effort to resolve the matter without suit. There is no doubt that insurance companies sometimes engage in bad faith conduct, and, in these cases, a plaintiff is certainly justified in pursuing a bad faith claim. But justice is not served by encouraging the sort of gamesmanship that occurred here. That sort of game playing is appropriate for a casino, not a courtroom.