BERGER, J.,
dissenting.
I disagree with the majority that Whistler’s Park, Inc. v. Florida Insurance Guaranty Ass’n, 90 So.3d 841 (Fla. 5th DCA 2012), review granted, 123 So.3d 557 (Fla.2013),[1] requires us to remand for the purpose of determining whether State Farm was prejudiced by Hamilton’s breach of pertinent provisions of his insurance policy.[2] Because Hamilton breached *2 a condition precedent to filing suit, State Farm’s prejudice was presumed. See Bankers Ins. Co. v. Macias, 475 So.2d 1216 (Fla.1985) (holding a presumption of prejudice to an insurer arises when the insured breaches a notice provision). Accordingly, it was Hamilton’s burden to show lack of prejudice, especially in light of the fact that his failure to file a sworn proof of loss[3] and failure to provide the findings of his expert prior to filing suit[4] impeded a full investigation of his claim by State Farm. Id. at 1218 (“The burden should be on the insured [seeking an avoidance of a condition precedent] to show lack of prejudice where the insurer has been deprived of the opportunity to investigate the facts and to examine the insured.”). Below, Hamilton failed to overcome, or even address, the presumption of prejudice to State Farm in his affidavits in opposition to the motion for summary judgment,[5] and his argument that State Farm suffered no prejudice is without merit.
I would also note that the purpose of a motion for rehearing is not to re-argue the merits of the case, but to bring to the court’s attention something it overlooked or misapprehended. See Fla. R.App. P. 9.380. Because the arguments made in Hamilton’s motion were already heard and rejected by this court through a per cu-riam affirmance, his request for the proverbial “do over” should be rejected as well.[6]

. In Whistler'.s Park, this court examined a summary judgment entered in favor of the insurance company “based on Whistler’s Park’s refusal to submit to an Examination Under Oath [‘EUO’].” 90 So.3d at 841. There, the insurer "requested an EUO, but never set a time or place for it,” despite the insured’s express willingness to comply. Id. at 846. Under those circumstances, we held the insurer was not prejudiced by the insured's failure to comply. Id. at 847.

. In a similar case, this court affirmed summary judgment in favor of an insurer where the insured failed to provide a sworn proof of loss, inventory of damaged property, and proper records of repair expenses prior to *2 filing suit. Starling v. Allstate Floridian Ins. Co., 956 So.2d 511, 512-14 (Fla. 5th DCA 2007) (holding insured’s “failure to substantially comply with the policy’s condition precedent bar[red] recovery” where insured waited until three months after she filed suit to file her sworn proof of loss and another six months to file a contents inventory, despite multiple requests by the insurer to do so); see also Fassi v. Am. Fire & Cas. Co., 700 So.2d 51, 52 (Fla. 5th DCA 1997) (affirming final judgment denying insured’s claim where insured failed to schedule an examination under oath or send in the proof of claim after being reminded to do so in a letter from insurer). In the present case, State Farm clearly set forth the relevant policy provisions in the two letters it sent Hamilton.

. Hamilton’s proof of loss form was never filed prior to filing suit. Rather, he submitted the form nearly seven months after the Complaint was filed.

. Hamilton did not provide his expert’s report or even advise State Farm that he had obtained an expert until after State Farm filed its initial summary judgment motion.

. Hamilton incorrectly argued it was State Farm's burden to prove prejudice.

. Unlike the concerns expressed by the majority in Whistler’s Park, this is not a case where State Farm engaged in a game of "gotcha.” Rather, it was a case where Hamilton opted for a game of “hide the ball.”