EVANDER,. J., concurring in part, dissenting in part. I agree that the trial court’s order must be reversed. However, I believe that it was an abuse of discretion to grant section 57.105 sanctions in the instant case. Cleophat filed a breach of contract action against State Farm, alleging that State Farm had failed to pay for sinkhole damages covered under the homeowners insurance policy issued by State Farm to Cleophat. State Farm never filed an answer to the complaint, but did file a motion for summary judgment. In its motion, State Farm alleged that Cleophat did not comply with- certain policy provisions in that she did not immediately notify State Farm of the loss, did not timely file a sworn proof of loés, and did not appear for a scheduled examination under oath. The summary judgment evidence supported State Farm’s contention that Cleop-hat had failed to comply with post-loss provisions set forth in the insurance policy. However, the summary judgment evidence was woefully lacking (from both parties) as to whether State Farm had been prejudiced by Cleophat’s lack of compliance. The record suggests that the trial court gave little, if any, consideration to -the prejudice issue. Our court per curiam affirmed the final summary judgment entered in favor of State Farm. Cleophat v. State Farm Fla. Ins. Co., 166 So.3d 803 (Fla. 5th DCA 2015). Where an . insured has failed to comply with a condition subsequent (such as failing to appear for a scheduled examination under oath), the general rule is that the insurer has the burden to establish that it was prejudiced by the insured’s noncompliance. See State Farm Mut. Auto. Ins. Co. v. Curran, 83 So.3d 793, 802-06 (Fla. 5th DCA 2011), approved, 135 So.3d 1071, 1078-79 (Fla. 2014); see also Bankers Ins. Co. v. Macias, 475 So.2d 1216, 1218 (Fla. 1985) (citing Nat’l Gypsum Co. v. Travelers Indem. Co., 417 So.2d 254 (Fla. 1982)). Where the insured has failed to comply with a notice of loss provision, there is a rebuttable presumption of prejudice. Macias, 475 So.2d at 1218. Given the scarcity of the summary judgment evidence addressing the issue of prejudice, I would suggest that the final summary judgment entered in favor of State Farm was affirmed only because, with regard to the noncompliance with notice of loss provisions, Cleophat failed to overcome the presumption of prejudice. See id. Cleophat’s failure to overcome the rebuttable presumption of prejudice in this case does not support a finding that she or her attorneys knew or should have known that her claim “[w]as not supported by material facts necessary to establish [her] claim.” § 57.105(1), Fla. Stat. (2012). Thus, it was error to impose section 57.105 sanctions.[5] . I would also suggest that Cleophat could have made a good faith argument that the law should be modified to require insurers to establish prejudice for breach of notice of loss provisions as well as breach of cooperation clauses. See § 57.105(3)(a), Fla. Stat. (2012).