# Third District Court of Appeal

## State of Florida

Opinion filed January 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0722
Lower Tribunal No. 21-3224
_____

**Mario Arce, et al.,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Perry & Neblett, P.A., and David Avellar Neblett, John A. Wynn and James M. Mahaffey III, for appellants.

Kelley Kronenberg, P.A., and Kimberly J. Fernandes (Tallahassee), for appellee.

Before EMAS, SCALES and HENDON, JJ.

SCALES, J.

In this first-party insurance case, appellants Mario and Marlene Arce ("Insureds"), the plaintiffs below, appeal a February 24, 2022 final summary judgment entered in favor of the defendant below, appellee Citizens Property Insurance Corporation ("Citizens"). The trial court granted summary judgment for Citizens after concluding that Insureds materially breached their insurance policy by failing to timely notify Citizens of a loss allegedly caused by Hurricane Irma, thereby relieving Citizens of its duty to provide coverage under the policy. We affirm the judgment because the trial court: (i) properly concluded, based on the summary judgment evidence, that Insureds breached the policy's prompt notice provision; and (ii) correctly applied the presumption of prejudice that we have consistently held arises when an insured fails to timely notify the insurer of a loss to covered property. In doing so, we certify conflict with the Fourth District's decision in Perez v. Citizens Property Insurance Corporation, 345 So. 3d 893 (Fla. 4th DCA 2022), which held that the language contained in the Duties after Loss provision of the Citizens policy upends the presumption and places the initial burden on Citizens to prove that it was prejudiced.

## I.     RELEVANT FACTS AND PROCEDURAL BACKGROUND

*A. Insureds' Claim and Citizens' Denial of Insureds' Claim*

2

On September 10, 2017, the roof of Insureds' home was allegedly damaged by Hurricane Irma. Insureds reported the loss to Citizens nearly three years later, on August 26, 2020.

Citizens sent its field adjuster to inspect the insured property on September 10, 2020, and requested that Insureds provide it with a recorded statement, a sworn proof of loss, and additional information and documentation with respect to the loss. On September 11, 2020, Mario Arce gave a recorded statement to Citizens, and on September 22, 2020, Insureds' public adjuster provided Citizens with a sworn proof of loss, photos of the claimed damage taken on August 31, 2020, and a repair estimate.

On October 1, 2020, Citizens sent Insureds a denial letter stating that "Citizens is respectfully denying this claim since our ability to evaluate this claim has been prejudiced due to failure to report this loss in a timely manner." Citizens' denial letter cited to the "Conditions" set forth in the policy, which included the following:

**CONDITIONS**

. . . .

**D. Duties after Loss**

In case of a loss to covered property, we have no duty to provide coverage under this Policy if the failure to comply with the following duties is prejudicial to us. These duties must be

3

performed either by you, an insured seeking coverage, or a representative of either:

1. Give prompt notice to us or your insurance agent.

*B. The Instant Litigation*

In February 2021, Insureds filed this lawsuit in the Miami-Dade County Circuit Court, alleging that Citizens had breached the policy by failing to make a loss payment for Insureds' Hurricane Irma claim. Citizens filed an answer and affirmative defenses, alleging throughout that Insureds breached the policy's Duties after Loss provision by failing to promptly notify Citizens of Insureds' claim. Citizens alleged further that Insureds' failure to comply with the policy's prompt notice provision had prejudiced Citizens' investigation of the loss, thus authorizing Citizens to deny coverage for the claim.

In November 2021, Citizens moved for summary judgment relying, in part, upon Mr. Arce's recorded statement, wherein Mr. Arce said that he had discovered, and made temporary repairs to, the damaged roof soon after Hurricane Irma had passed.[1] Asserting that it was entitled to a rebuttable presumption of prejudice because of Insureds' untimely notice, and claiming there was no record evidence to rebut the presumption, Citizens argued that

---

[1] See Section II. A., *infra.*

it was entitled to summary judgment because Insureds could not prevail on their breach of contract claim.

Insureds filed a response to Citizens' summary judgment motion arguing that: (i) Citizens was not entitled to the presumption of prejudice because there was an issue of material fact as to whether Insureds had promptly reported the loss (i.e., when Insureds first knew or should have known that their home's roof was damaged); and (ii) even if Insureds' notice of the loss was not prompt, Insureds had presented sufficient record evidence – in the form of an expert affidavit – to create a triable issue of fact as to whether Insureds had rebutted the presumption.

After conducting a hearing on Citizens' summary judgment motion, the trial court entered the challenged February 24, 2022 final summary judgment in favor of Citizens. Insureds timely appealed the judgment.

## II.    ANALYSIS[2]

---

[2] "We apply a de novo standard of review to questions of insurance policy construction and interpretation." People's Tr. Ins. Co. v. Progressive Express Ins. Co., 336 So. 3d 1207, 1209 (Fla. 3d DCA 2021). We also review the summary judgment record *de novo* to determine: (i) whether Citizens – which bore the burden of persuasion at trial on its affirmative defense that Insureds had materially breached the subject policy's prompt notice provision – met its initial summary judgment burden of showing that its affirmative defense was applicable; and (ii) if so, whether Insureds met their summary judgment burden of citing to material in the record that established the presence of a genuine dispute of material fact as to the applicability of the affirmative defense that would preclude entry of summary judgment in Citizens' favor.

5

Concluding that Insureds materially breached the subject policy's prompt notice provision by failing to timely notify Citizens of their loss, and that Insureds failed to present any competent evidence to rebut the presumption that Citizens was prejudiced by the untimely notice, the trial court held that Citizens had no duty to provide coverage for Insureds' Hurricane Irma claim and, therefore, entered summary judgment for Citizens. Insureds raise two main issues in this appeal: (i) whether, under Florida's "new" summary judgment standard,[3] the trial court erred in concluding that Insureds had materially breached the policy's prompt notice provision by notifying Citizens of the loss nearly three years after the storm; and (ii) whether the trial court erred by determining that Citizens was entitled

---

See Chowdhury v. BankUnited, N.A., 366 So. 3d 1130, 1133 n.2 (Fla. 3d DCA 2023).

[3] In its adjudication of Citizens' summary judgment motion, the trial court applied Florida's "new" summary judgment standard. See In re Amendments to Fla. R. Civ. P. 1.510, 317 So. 3d 72, 76 (Fla. 2021). In moving for summary judgment on its affirmative defense that Insureds had materially breached the subject policy's prompt notice provision, Citizens was required to make an initial showing that there was no genuine dispute as to any material fact and that Citizens was entitled to judgment as a matter of law. See Fla. R. Civ. P. 1.510(a). To meet this initial burden, Citizens was required to cite to "particular parts of materials in the record." Fla. R. Civ. P. 1.510(c)(1)(A). Once Citizens satisfied this initial burden, the burden then shifted to Insureds either to (i) show that the particular materials cited by Citizens did not establish the absence of a genuine dispute as to any material fact, or (ii) cite to other materials in the record that established the presence of a genuine dispute as to a material fact. See Fla. R. Civ. P. 1.510(c)(1)(A)-(B).

to a rebuttable presumption that it suffered prejudice as a result of Insureds' material breach of the policy's prompt notice provision.[4]

Insureds' arguments align with the two-step analysis Florida courts employ in determining whether an insured's alleged untimely reporting of a loss is sufficient to warrant an insurer's denial of coverage for an otherwise covered claim. See Navarro v. Citizens Prop. Ins. Corp., 353 So. 3d 1276, 1279 (Fla. 3d DCA 2023). First, the court determines whether the notice was timely given. Id. Second, if the notice was untimely, the court looks to whether the insured has rebutted the presumption of prejudice that arises from the untimely notice of the claim. Id. We address each step of the analysis, and Insureds' arguments, in turn.

*A. Insureds' Breach of the Policy's Prompt Notice Provision*

Insureds first argue that the trial court erred in granting summary judgment for Citizens because the summary judgment record revealed a genuine issue of material fact as to whether Insureds breached the policy's

---

[4] Insureds also argue that, assuming Citizens is entitled to a presumption of prejudice, the affidavit of Insureds' engineer rebutted the presumption so as to create a fact issue regarding prejudice to Citizens. We reject this argument without further elaboration because the engineer's affidavit – which was wholly conclusory and not based on any information compiled soon after Insureds' claimed loss – was insufficient to rebut the presumption. See, e.g., Perez v. Citizens Prop. Ins. Corp., 343 So. 3d 140, 143 (Fla. 3d DCA 2022) ("Perez 3DCA"); Gonzalez v. Citizens Prop. Ins. Corp., 273 So. 3d 1031, 1037 (Fla. 3d DCA 2019).

7

prompt notice provision. In support of its summary judgment motion, Citizens filed the transcript of Mr. Arce's September 11, 2020 recorded statement. In this recorded statement, the following exchange occurred:

Q. [R]egarding the hurricane damages to the home there, can you tell me first who it was that discovered the damages?

A. I discovered after a hurricane – after a hurricane passed, yes.

Q. Okay.

A. It was me.

Q. Okay. And – so do you recall when that was? Was it immediately after the hurricane or days or weeks or months after?

A. Was after the hurricane. Actually, I lose a couple more things, like the top of the garage that I have in from of the house, something, and then I found out that.

Q. Okay. So it was pretty much right after the hurricane in 2017 that you noticed it?

A. Yeah. It was after hurricane.

Q. All right. And then is there any – any specific reasons for the delay in reporting the claim to the insurance company?

A. I tried to get it fixed. I thought that's the best and quick way to do it. But, definitely I need to get a really good repair on my roof.

Q. Okay. All right. And then when you did this – let me see here. What damages did you notice to the home?

A. I was missing some tiles, some of them were losing [sic] completely.

8

Q. Did you notice any other outside or inside damages?

A. Yeah. I got a damage, like I said, I lost – I had a two-carport garage in front of the house, and that was completely – they completely fly, and I lost them and everything. Then inside the house I had like a leak also.

In opposition to Citizens' summary judgment motion, and in an attempt to explain Mr. Arce's recorded statement, Insureds filed a declaration of Mr. Arce. In sum, this declaration simply states there was a "misunderstanding" because English is Mr. Arce's second language and Mr. Arce "was not aware that [his] home had sustained Hurricane Irma damages until July 2020 or August of 2020." As for the damaged carport referenced in his recorded statement, Arce claimed that the carport "was blown away by a hurricane years before Hurricane Irma."

We agree with the trial court that the exchange contained in Mr. Arce's recorded statement plainly and unequivocally reveals that Mr. Arce was aware of the alleged damage to Insureds' home right after the 2017 hurricane, and that, under Florida's new summary judgment standard, Mr. Arce's declaration was insufficient to create a genuine issue of material fact that would excuse or explain Insureds' failure to timely notify Citizens of the damage allegedly caused by the hurricane. See Fla. R. Civ. P. 1.510(c)(4) (providing that "[a]n affidavit or declaration used to . . . oppose a [summary judgment] motion must . . . set out facts that would be admissible in

9

evidence"); In re Amendments to Fla. Rule of Civil Procedure 1.510, 309 So. 3d 192, 193 (Fla. 2020) ("If the evidence [presented by the nonmovant] is merely colorable, or is not significantly probative, summary judgment may be granted." (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986))); Rich v. Narog, 366 So. 3d 1111, 1120 (Fla. 3d DCA 2022) (determining that conclusory allegations in an affidavit without specific supporting facts lack the probative value necessary to defeat summary judgment). Specifically, Mr. Arce's declaration was legally insufficient because it failed to provide any explanation as to why, for nearly three years, he purportedly was unaware that his home had been damaged by Hurricane Irma. See Guzman v. S. Fid. Ins. Co., 332 So. 3d 67, 70-71 (Fla. 2d DCA 2021) ("Notice is said to be prompt when it is provided 'with reasonable dispatch and within a reasonable time in view of all of the facts and circumstances of the particular case.'" (quoting Rodriguez v. Avatar Prop. & Cas. Ins. Co., 290 So. 3d 560, 564 (Fla. 2d DCA 2020))); Laquer v. Citizens Prop. Ins. Corp., 167 So. 3d 470, 474 (Fla. 3d DCA 2015) ("Notice is necessary when there has been an occurrence that should lead a reasonable and prudent [person] to believe that a claim for damages would arise." (quoting Ideal Mut. Ins. Co. v. Waldrep, 400 So. 2d 782, 785 (Fla. 3d DCA 1981))); see also Castro v. Citizens Prop. Ins. Corp., 365 So. 3d 1203,

10

1206-07 (Fla. 3d DCA 2023) ("Whether notice was provided in a prompt manner is ordinarily a question for the factfinder, but 'if the undisputed evidence will not support a finding that the insured gave notice to the insurer as soon as practicable, then a finding that notice was timely given is unsupportable.'" (quoting <u>Lobello v. State Farm Fla. Ins. Co.</u>, 152 So. 3d 595, 600 (Fla. 2d DCA 2014) (citations omitted))).[5]

---

[5] In <u>Castro</u>, we reversed a summary judgment for Citizens concluding that Castro's affidavit created a genuine issue of material fact as to whether Castro gave prompt notice of a September 2017 Hurricane Irma loss. Castro's detailed affidavit explained that Castro had not reported the loss until February 2020, because (i) "the property was occupied by a tenant during that time period," (ii) "the tenant never advised Castro of any damage," and (iii) "Castro herself was unaware of any damage to her property until the tenant moved out of the property in February 2020." <u>Castro</u>, 365 So. 3d at 1207. Similarly, in <u>Laquer</u>, this Court reversed a partial summary judgment for Citizens concluding that a genuine issue of material fact existed as to whether Laquer's May 2009 notice of an October 2005 Hurricane Wilma loss was prompt where "[b]ased on the summary judgment record . . . , damage to Laquer's unit . . . was not apparent until several years after Hurricane Wilma: no one, including Laquer, her tenant, her housekeeper, and the condominium manager and his agents who regularly visited Laquer's unit, was able to observe any damage . . . prior to September 2008 or was otherwise put on notice to further inspect for damage." <u>Laquer</u>, 167 So. 3d at 474.

Unlike in <u>Castro</u> and <u>Laquer</u>, no reasonable view of the summary judgment record before us would support a finding that Insureds' notice of their loss was given as soon as practicable. It bears repeating that, under Florida's new summary judgment standard, "it will no longer be plausible to maintain that 'the existence of *any* competent evidence creating an issue of fact, however credible or incredible, substantial or trivial, stops the inquiry and precludes summary judgment, so long as the 'slightest doubt' is raised.'" <u>In re Amendments to Fla. Rule of Civil Procedure 1.510</u>, 317 So. 3d 72, 76

11

We agree with the trial court that the summary judgment evidence plainly established that Insureds' notice to Citizens – some three years after Hurricane Irma – was not prompt, and, therefore, that Insureds breached the prompt notice provision of the subject policy.

*B. The Presumption Citizens was Prejudiced by Insureds' Breach*

Insureds next argue that the trial court misapplied the presumption of prejudice that arises when an insured fails to give prompt notice of a claim to an insurer. Insureds argue that, notwithstanding this Court's unbroken line of recent cases stating that the presumption of prejudice applies in situations involving identical policy language,[6] the presumption should not apply when, as here, the policy language expressly conditions the insurer's contractual right to deny coverage upon a breach resulting in prejudice. To this end, Insureds urge this Court to recede from our prior precedent and adopt the rationale employed by the Fourth District in <u>Perez v. Citizens Property Insurance Corp.</u>, 345 So. 3d 893 (Fla. 4th DCA 2022).

In <u>Perez</u>, the insureds notified Citizens of their Hurricane Irma claim on November 27, 2018, over a year after the September 10, 2017 storm. <u>Id.</u> at

---

(Fla. 2021) (quoting Bruce J. Berman & Peter D. Webster, Berman's Florida Civil Procedure § 1.510:5 (2020 ed.)).

[6] <u>See</u> <u>Castro</u>, 365 So. 3d at 1206, n.2; <u>Navarro</u>, 353 So. 3d at 1280; <u>Perez 3DCA</u>, 343 So. 3d at 142.

12

894. Citizens denied the claim, citing the insureds' failure to promptly notify Citizens of the loss as required by the same prompt notice provision implicated in this case. Id. The insureds sued Citizens and the trial court found that the insureds had breached the prompt notice provision and, after applying the presumption of prejudice, granted Citizens' motion for summary judgment. Id. at 895.

The Perez court, construing the same policy language at issue here, reversed the trial court's summary judgment, concluding that the presumption was rendered inapplicable by the language of the policy provision:

> The trial court . . . found no genuine dispute as to any material fact that Citizens was prejudiced, because insureds failed to rebut the presumption of prejudice to Citizens caused by the late notice. However, the policy language places the burden on the insurer to prove prejudice. The policy language here provides that as a condition of the policy, Citizens has "no duty to provide coverage under this Policy, if the failure to comply with the following duties is prejudicial to us."

Id. at 896.

We note that the Fourth District decided Perez on August 10, 2022, several months after Insureds filed their notice of appeal in this case. Because the trial court did not have the benefit of Perez when it adjudicated Citizens' summary judgment motion, Perez had no bearing on the trial court's legal analysis. This Court, though, did have the benefit of Perez when this

13

Court decided Navarro (opinion filed on January 18, 2023), a first-party insurance case involving the exact same prompt notice provision. While Navarro did not address Perez, Navarro impliedly rejected the Perez holding by affirming the trial court's application of the prejudice presumption that arose in that case. In Navarro, this Court affirmed a trial court's summary judgment for Citizens, concluding that the insured – who waited two years and seven months to notify Citizens of a Hurricane Irma-related loss despite noticing leaks throughout the insured home within days of the storm – had failed to rebut the presumption that Citizens was prejudiced by the late notice. 353 So. 3d at 1280.[7]

Now, squarely presented with the issue adjudicated in Perez, we decline to adopt what we characterize as Perez's "policy language exception" to the presumption of prejudice that arises when an insured fails to promptly notify the insurer of a claim. We do so for several reasons.

---

[7] In Castro, released ten months after Perez, this Court concluded it was not necessary to address the Perez holding given this Court's reversal, on other grounds, of the summary judgment for Citizens. Castro, 365 So. 3d at 1206 n.2; see footnote 5, *supra*. In Perez 3DCA, decided just one month prior to Perez, we applied the presumption and affirmed a final summary judgment in favor of Citizens, concluding that the report submitted by the insured's expert was "insufficient as a matter of law to create a genuine issue of material fact to overcome the prejudice caused to Citizens." 343 So. 3d at 141.

First, we believe the policy language exception to the presumption recognized by <u>Perez</u> frustrates the very purpose of a prompt notice provision. Prompt notice of a claim "afford[s] the insurer an adequate opportunity to investigate, to prevent fraud and imposition upon it, and to form an intelligent estimate of its rights and liabilities before it is obliged to pay." <u>Navarro</u>, 353 So. 3d at 1279 (quoting 13 <u>Couch on Ins.</u>, § 186:14 (3d ed. 2022)). "The notice requirement enables the insurer to conduct a timely and adequate investigation of all circumstances surrounding an accident." <u>Bankers Ins. Co. v. Macias</u>, 475 So. 2d 1216, 1217 (Fla. 1985). The prompt notice provision recognizes the reality that in most, if not all, cases, the insured is in a far better position than the insurer to know when a loss has occurred. This is important because the insurer is obligated both to timely adjust a covered claim and make an appropriate, prompt payment to or on behalf of its insured for a covered claim. Hence, an insurer must know when a loss has arisen so that it may expeditiously determine whether some or all of a claimed loss was caused by a covered peril.

Prejudice to the insurer from a breach of the prompt notice provision is manifest, thus justifying the presumption. Indeed, the presumption is well established in Florida jurisprudence. <u>See</u> <u>id.</u> at 1218; <u>Nat'l Gypsum Co. v. Travelers Indem. Co.</u>, 417 So. 2d 254, 256 (Fla. 1982); <u>Tiedtke v. Fid. & Cas.</u>

15

Co. of N.Y., 222 So. 2d 206, 209 (Fla. 1969). Balancing the rationale for the presumption against the potential harsh effects of its application, the presumption is rebuttable, allowing the insured to demonstrate that the insurer was not prejudiced by the insured's noncompliance with the notice provision. See Macias, 475 So. 2d at 1218. In our view, Perez upends the commonsense notice/presumption framework that has evolved from years of practical application.

Second, it seems counterintuitive that Citizens should somehow lose the otherwise applicable presumption simply because Citizens has chosen to incorporate into its policy the common law requirement that, to deny coverage, Citizens must be prejudiced. The policy language employed by Citizens does nothing more than recognize that, for Citizens to deny coverage, the insured must breach the policy and the breach must result in prejudice to Citizens. We view this policy language as entirely congruent with the established law of this District and the longstanding common law explicated by the Florida Supreme Court. The provision is silent as to the parties' respective burdens, and we are loath to read into the provision the burden-shifting that the Perez holding infuses into the policy language.

16

Similarly, we are concerned that adopting the Perez holding would result in a judicial rewrite of the parties' contract, which we are unable to do.[8]

Finally, as discussed above, other panels of this Court have very recently declined to adopt the rationale expressed in Perez. Indeed, in the last year, in no less than three written opinions,[9] this Court has either unqualifiedly applied or favorably referenced the presumption of prejudice in cases involving policy language identical to the language in this case. Against the backdrop of these very recent cases, our adopting Perez's "policy language exception" in this case would be akin to taking a U-turn while driving at full speed, without so much as tapping on the brakes. Even if we were to agree with the rationale expressed in Perez, adopting it could justifiably be perceived as an assault on stability and predictability in the law, a value that this Court has sought to uphold.[10]

---

[8] See World Fin. Grp., LLC v. Progressive Select Ins. Co., 300 So. 3d 1220, 1223 (Fla. 3d DCA 2020) (recognizing that "courts are powerless to rewrite a contractual provision to make it more fair or equitable for one of the parties").

[9] See footnote 6, *supra*.

[10] See, e.g., Gall v. Philip Morris USA Inc., 314 So. 3d 359, 360 (Fla. 3d DCA 2020); State v. Washington, 114 So. 3d 182, 185 (Fla. 3d DCA 2012).

Accordingly, while we are cognizant that Florida law disfavors forfeiture of insurance coverage, especially for otherwise covered claims,[11] we decline to adopt Perez's policy language exception to the presumption of prejudice and we certify conflict with Perez in this regard.[12] Based on our prior precedent, we conclude that the trial court did not err in applying the presumption of prejudice that arose because of Insureds' breach of the policy's prompt notice provision.

---

[11] See Boca Raton Cmty. Hosp., Inc. v. Brucker, 695 So. 2d 911, 912-13 (Fla. 4th DCA 1997).

[12] We do not certify conflict with the two cases cited by the Perez court in support of its holding: Arguello v. People's Trust Ins. Co., 315 So. 3d 35, 41 (Fla. 4th DCA 2021) (concluding, under policy language very similar to that found in the instant Citizens policy, that whether the insurer was prejudiced by the insured's failure to timely provide a sworn statement in proof of loss and supporting documentation was a fact issue, thus precluding summary judgment in a declaratory judgment action filed by the insurer); and Godfrey v. People's Trust Ins. Co., 338 So. 3d 908, 909 (Fla. 3d DCA 2022) (reaching the same conclusion as Arguello in a first-party insurance action filed by the insured). We view these cases as dispositively distinguishable because neither case involved an insured's post-loss duty to promptly notify the insurer of the claim. Rather, both cases, relate to other contractually imposed post-loss duties.

This opinion addresses only the presumption of prejudice that arises with respect to an insured's post-loss obligation to promptly notify Citizens of a loss to covered property. Because the issue is not before us, we need not, and therefore do not, address whether the presumption applies to any other post-loss obligation contained within the instant policy's Duties after Loss provision.

18

Affirmed; conflict certified.